Gilbert L. **ALDERSON,**
**et al., Appellants,**

**v.**

**STATE of Missouri, et al., Defendants,**

**County Employees' Retirement**
**Fund, et al., Respondents.**

**No. SC 89370.**

Supreme Court of Missouri,
En Banc.

Jan. 13, 2009.

---

Theodore R. Allen, Jr., Hillsboro, MO, for Appellants.

Edward F. Downey, Carole L. Iles, Jefferson City, MO, for Respondents.

MARY R. RUSSELL, Judge.

Juvenile office employees[1] challenge sections 50.1000(8), 50.1010, and 211.393, RSMo Supp.2007,[2] and a related rule,[3] all concerning eligibility for membership in the County Employees' Retirement Fund ("CERF"). They sought a declaratory judgment and injunctive relief in the circuit court, arguing that the statutory exclusion of juvenile office personnel from membership in CERF is a constitutional violation of equal protection, special laws, and separation of powers. After cross-motions for summary judgment, the court entered judgment against the employees ("Plaintiffs"), who now appeal.

This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution as this appeal involves the constitutional validity of Missouri statutes. This Court finds that the challenged laws are not clearly arbitrary and do not otherwise violate the relevant constitutional provisions. As such, the circuit court's judgment is affirmed.

## I. Background

The material facts related to CERF and to Plaintiffs' ineligibility for membership are not in dispute.

CERF was formed in 1994 by the enactment of section 50.1010 and its related provisions. It was designed to provide retirement benefits for employees of Missouri counties other than the first class charter counties and the city of St. Louis. At that time, more than 50 Missouri counties did not offer retirement benefits for their public employees. CERF provides that eligible employees shall receive monthly benefits after retirement based on years of service and salary. It is funded by a number of sources, mainly by penalties related to property tax collected by counties. Only a small portion of the fund-

---

1. Plaintiffs Alderson, Allen, and Polette hold the positions of juvenile officer, attorney for the juvenile officer, and the deputy juvenile officer, respectively.

2. Unless otherwise noted, all statutory references are to RSMo Supp.2007.

3. 16 CSR 50–2.010.

ing is tied to the number of members in the program.[4]

Eligibility for the fund has been limited by a rule and several statutes. Section 50.1000(8), which has been amended twice since 1994, originally stated in relevant part that an "employee" for CERF purposes was "any county elective or appointive officer or employee whose position requires the actual performance of duties during not less than one thousand hours per year...." Section 50.1000(8), RSMo 1994.

In 1998, section 50.1000(8) was amended to limit the definition of an "employee" to "any county elective or appointive officer or employee who is hired and fired by the county and whose work and responsibilities are directed and controlled by the

**4.** Section 50.1020 provides that penalties collected by covered counties, pursuant to sections 137.280 and 137.345, shall be deposited in CERF. It also states that "[n]o state moneys shall be used to fund sections 50.1000 to 50.1300." In addition, a smaller percentage of the funding comes from payroll deductions from participating county employees who are not members of the Missouri Local Government Employees Retirement System ("LAGERS"). *See* section 50.1040.

**5.** Section 50.1000(8) now states in relevant part:

"**Employee**", any county elective or appointive officer or employee who is hired and fired by the county or by the circuit court located in a county of the first classification without a charter form of government which is not participating in LAGERS, whose work and responsibilities are directed and controlled by the county or by the circuit court located in a county of the first classification without a charter form of government which is not participating in LAGERS, who is compensated directly from county funds, and whose position requires the actual performance of duties during not less than one thousand hours per year....

**6.** 16 CSR 50–2.010(1)(L), which mirrors section 50.1000(8) as amended in 1998, states:

county...." Section 50.1000(8), RSMo 2000.

A 2001 amendment added eligibility for individuals hired "by the circuit court located in a county of the first classification without a charter form of government which is not participating in LAGERS." Section 50.1000(8).[5]

The eligibility requirements for CERF benefits, as contained in 50.1000(8), are reflected in a rule,[6] section 50.1010,[7] and section 211.393.[8]

Plaintiffs are employees in the juvenile office of the Twenty-third Judicial Circuit, which is composed of a single county, Jefferson County, a first class county without a charter form of government. Each Plaintiff receives all or part of his salary from the county, and each is eligible for retirement programs other than CERF.

"Employee means any county elective or appointive officer or employee who is hired and fired by an employer and whose work and responsibilities are directed and controlled by the employer and who is compensated directly from county funds and whose position requires the actual performance of duties during not less than one thousand (1,000) hours per year ..."

**7.** Section 50.1010 states in relevant part:

Notwithstanding any provision of sections 50.1000 to 50.1200 to the contrary, an individual who is in a job classification that the retirement system finds not eligible for coverage under the retirement system as of September 1, 2001, shall not be considered an employee for purposes of coverage in the retirement system, unless adequate additional funds are provided for the costs associated with such coverage.

**8.** Section 211.393.5 appears in chapter 211, concerning juvenile court employees:

"No juvenile court employee employed by any single or multicounty circuit shall be eligible to participate in the county employees' retirement system fund pursuant to sections 50.1000 to 50.1200, RSMo."

Following creation of CERF and Plaintiffs' attempt to enroll, they were informed that they were not eligible for the program because they were not "county employees" for purposes of CERF. The reason given was that juvenile office personnel were subject to hiring, supervision, and termination by either the circuit court or chief juvenile officer, not the county.

## II. Standard of Review

■ Appellate review of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*

## III. Analysis

### A. The provisions do not violate equal protection

Plaintiffs argue that the statutes and rule excluding appellants from CERF membership violate the equal protection provisions of the United States and Missouri constitutions.[9] They do not complain that the challenged laws infringe on a fundamental right; rather, it is agreed that the laws amount to economic legislation. As such, Plaintiffs contend that the laws' current exclusions do not reasonably relate to the original purpose of CERF[10] and that no rational or legitimate end can be gleaned from the laws' exclusions as amended.

■ The issue for this Court, then, is whether the classification is rationally re-

lated to a legitimate state interest. *See Missourians for Tax Justice Educ. Project v. Holden,* 959 S.W.2d 100, 103 (Mo. banc 1997) (citation omitted). "[L]egislation that touches only upon economic interests carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *In re Marriage of Kohring,* 999 S.W.2d 228, 233 (Mo. banc 1999). Notably, under this standard, a classification is constitutional "if any state of facts can be reasonably conceived that would justify it." *Missourians for Tax Justice,* 959 S.W.2d at 103 (citing *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961)).

As illustrated in section 50.1000(8), which is representative of the challenged laws, the General Assembly chose to draw a line. It decided that a county's right to control employees was relevant as to whether they should be eligible for a county retirement fund, which, by its nature, has limited resources. The General Assembly later decided that eligibility should be extended to only those employees not covered by an alternative retirement fund, LAGERS. There are a number of legitimate and rational reasons why the General Assembly might have chosen this path, and that fact alone requires this Court to uphold the law. The right to control an employee will more often than not indicate a more direct employer-employee relationship as compared to a situation where the employee is merely paid by a central body, but does not answer to it. As such, tying a finite retirement fund to a quintessential characteristic of employment—control—is,

9. U.S. Const. amend XIV; Mo. Const. art. III, sec. 2.

10. Plaintiffs refer to section 50.1000(8), RSMo 1994, which, prior to being amended, stated in relevant part that an employee was "any county elective or appointive officer or employee whose position requires the actual performance of duties not less than one thousand hours per year," but did not further define the term.

at a minimum, rational. Further, it is rational to carve out eligibility for a class of employees who might otherwise be left with no retirement fund whatsoever.

Plaintiffs wish to focus on the historical progression of the laws, suggesting that the original language of section 50.1000(8) (making no mention of control) reflects an intent that is inconsistent with the laws as now amended. They assert that this is evidence of arbitrariness consistent with *Sommer v. Bihr*, 631 F.Supp. 1388 (Mo. App.1986) (finding an irrational class under an equal protection challenge to a teacher's retirement system). *Sommer*, however, dealt with a retirement system classification that had no plausibly legitimate basis whatsoever and that had apparently resulted from an inadvertent statutory "hodgepodge." *Id.* at 1391. In contrast, the laws here have conceivably legitimate rationales; further, there is no indication that Plaintiffs' exclusion is a case of "legislative oversight or inaction." *Id.* Reliance on *Sommer* is misplaced.

In sum, the classification is constitutional under an equal protection analysis. It is not this Court's role to write the law or to question its wisdom beyond applying this constitutional minimum. *See Mo. Prosecuting Attorneys & Cir. Attorneys Ret. Sys. v. Pemiscot County*, 256 S.W.3d 98, 102–03 (Mo. banc 2008).

## B. The provisions are not special laws

Plaintiffs argue that the laws in question are special laws because they exclude a subclass of county employees from CERF eligibility. They state that these provisions naturally pertain to a broad class of county employees of which they are included, but then impermissibly subdivide this class for purposes of defining "employee" for CERF.

Missouri's constitution forbids the passage of special laws where a general law can be made applicable. Mo. Const. art. III, sec. 40. A special law "includes less than all who are similarly situated . . . but a law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis." *Savannah R–III Sch. Dist. v. Pub. Sch. Ret. Sys. of Mo.*, 950 S.W.2d 854, 859 (Mo. banc 1997) (citation omitted). "A law based on open-ended characteristics is not facially special and is presumed to be constitutional." *Jefferson County Fire Prot. Dists. Ass'n v. Blunt*, 205 S.W.3d 866, 870 (Mo. banc 2006) (citation omitted). When a law is open-ended, the reasonableness standard applies the same general principles used to determine if a statute violates equal protection. *Id.* (citation omitted). If a law is found to be special, it will be invalid absent "substantial justification." *Id.* at 871.

This Court first asks if the challenged laws create an open-ended class, entitling the classification to a presumption of constitutionality. Here, employees come and go from the eligible class as they are hired and fired; this is an open class because eligibility turns on their relationship to their employer. *See id.* at 868 ("Special legislation refers to statutes that apply to localities rather than to the state as a whole and statutes that benefit individuals rather than the general public"). Therefore, the Court must simply determine if this open-ended classification is reasonable.

As outlined above, the classification is rational under equal protection because there is, at a minimum, a conceivably legitimate basis for it. In turn, there is a reasonable basis under a special law analysis for classifying these employees based on their being hired, fired, directed, and

controlled by the county.[11] As these laws apply to the entire class, no special law is present. *See City of Springfield v. Sprint Spectrum, L.P.*, 203 S.W.3d 177, 184 (Mo. banc 2006) ("The vice in special laws is that they do not embrace all of the class to which they are naturally related.").

### C. The provisions do not infringe on the separation of powers

■ Plaintiffs also argue that the statutes and rule violate standards guaranteed by the constitution's separation of powers. To this end, they correctly point out that the net effect of the laws is to exclude employees like themselves from CERF eligibility based on the fact that they are appointed and controlled by the judiciary. They then argue that because this compromises the judiciary's ability to secure personnel relative to other governmental branches, it amounts to a constitutional violation.

Article II, section 1 of the Missouri Constitution concerns the division of power, including the judicial power, which in turn guarantees certain rights to the public and places obligations on the courts to protect and enforce those rights and to administer justice. *See State ex rel. Weinstein v. St. Louis County*, 451 S.W.2d 99, 101 (Mo. banc 1970). It is said that "[t]he reason for the separation of powers is to protect the liberty and security of the governed." *Savannah*, 950 S.W.2d at 859. As relevant here, the judicial power includes the right to appoint necessary staff, which "carries with it the right to have such appointees paid a salary commensurate with their responsibilities." *Weinstein*, 451 S.W.2d at 102 (citation omitted). The right to hire necessary employees cannot be denied by the legislature, nor can it otherwise be "shackled or made impotent." *Id.* (citation omitted).

Plaintiffs suggest that ineligibility for CERF may affect an applicant's desire to work for the juvenile division or other judicially appointed positions.[12] But, unlike the Court's examples in *Weinstein*, the present scenario does not involve interference by "limiting the number of employees, regardless of need, or by providing for no employees at all." *Id.* Indeed, other than through bare assertions, Plaintiffs provide no evidence that CERF ineligibility has or will make the hiring of employees by the judiciary more difficult or that this amounts to being "shackled." A lack of supporting evidence is due, perhaps, in part to the fact that Plaintiffs, and those similarly situated, already qualify for other retirement funds. Further, Plaintiffs have been aware of their ineligibility for more than a decade, yet have continued their employment and have failed to challenge the constitutionality of their ineligibility until now.[13] In any event, they have not shown that these laws rise to the level of infringing on the separation of powers through rendering Plaintiffs ineligible for a county retirement fund.

---

11. Because Plaintiffs are ineligible under the 1998 amendment to 50.1000(8) (concerning control), the later amendment in 2001 (concerning LAGERS) has no effect on Plaintiffs' status, even if invalidated as a special law. As such, the classification particular to the 2001 amendment is not addressed.

12. The example offered by Plaintiffs is that an attorney appointed by the juvenile division would receive a salary set by the circuit court and the retirement benefit LAGERS. That same attorney, they assert, if hired by the prosecuting attorney's office, would be eligible for LAGERS and CERF retirement benefits.

13. The assertion of laches need not be addressed because Plaintiffs' constitutional challenges fail.

## IV. Conclusion

The circuit court's judgment is affirmed.

All concur.