# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3714

_____

| | |
|---|---|
| Judith A. Taylor, | * |
| | * |
| Appellant, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| St. Louis County Board of Election | * |
| Commissioners, an election authority, | * |
| John J. Diehl, Jr., as an individual and | * |
| in his official capacity as Chairman of | *        [PUBLISHED] |
| the St. Louis County Board of Election | * |
| Commissioners, William Miller, Jr., as | * |
| an individual and in his official | * |
| capacity as Commissioner of the St. | * |
| Louis County Board of Election | * |
| Commissioners, Anita Yeckel, as an | * |
| individual and in her official capacity | * |
| as Commissioner of the St. Louis | * |
| County Board of Election | * |
| Commissioners, and Chaim H. | * |
| Zimbalist, as an individual and in his | * |
| official capacity as Commissioner of | * |
| the St. Louis County Board of Election | * |
| Commissioners, | * |
| | * |
| Appellees. | * |

_____

Submitted: September 21, 2010
Filed: November 1, 2010

_____

Before GRUENDER, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Judith A. Taylor, the former Democratic Director of Elections in St. Louis County, brought claims against the St. Louis County Board of Election Commissioners ("Board") and against Commissioners John J. Diehl, Jr., William Miller, Jr., Anita Yeckel, and Chaim H. Zimbalist ("Commissioners") in their official and individual capacities for wrongful discharge under Missouri common law and for a violation of the Equal Pay Act, 29 U.S.C. §§ 206(d), 215(a)(3). The Board and Commissioners removed the case to federal court. The district court[1] granted summary judgment on Taylor's Equal Pay Act claim to the Commissioners in their individual capacities but denied summary judgment to the Board and the Commissioners in their official capacities. The parties then settled the remaining Equal Pay Act claim. The district court also granted summary judgment to the Board and the Commissioners in their official capacities on Taylor's wrongful discharge claim on the basis of sovereign immunity, Mo. Rev. Stat. § 537.600. In a second order, the district court granted summary judgment to the Commissioners in their individual capacities on Taylor's wrongful discharge claim because it found that the individual Commissioners were not Taylor's employer and could not be liable for wrongful discharge as a matter of Missouri law. *Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, No. 07-cv-1544, 2009 WL 1176298 (E.D. Mo. Apr. 30, 2009). Taylor appeals the grant of summary judgment to the Commissioners in their individual capacities on her wrongful discharge claim. We affirm.

_____

[1] The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

We review a district court's grant of summary judgment *de novo*. *Pub. Water Supply Dist. No. 3 v. City of Lebanon*, 605 F.3d 511, 515 (8th Cir. 2010). Summary judgment is appropriate where, viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wells Fargo Home Mortg., Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010).

The Board consists of four Commissioners—two Democrats (Miller and Zimbalist) and two Republicans (Diehl and Yeckel)—appointed by the Governor of Missouri. Mo. Rev. Stat. § 115.027. The Board oversees and sets policies for elections in St. Louis County and employs staff in a bi-partisan manner. *Id.* §§ 115.043, 115.047, 115.053. The Board employs two Directors of Elections—one Democrat and one Republican—to manage elections in St. Louis County and to run the day-to-day operations of the Board. *See id.* § 115.045. The parties agree that Taylor was an at-will employee and that a majority of the Board must vote to discharge a Director of Elections. The Board discharged Taylor from her position as the Democratic Director of Elections by a unanimous vote. Taylor avers that the Commissioners terminated her employment because she testified under oath pursuant to a lawful subpoena about a controversial voter-identification issue.

Missouri maintains the default rule of at-will employment for employees without employment contracts for a definite term: an employer may discharge an at-will employee for any reason or for no reason without liability for wrongful discharge. *Sivigliano v. Harrah's N. Kan. City Corp.*, 188 S.W.3d 46, 48 (Mo. Ct. App. 2006). However, the Supreme Court of Missouri has recognized limited exceptions to the at-will employment doctrine:

> An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant

to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

*Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. 2010). Therefore, "[i]f an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception." *Id.*; *see also Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 871 (Mo. Ct. App. 1985) ("The public policy exception is a narrow exception to the at-will employment doctrine. It provides that an at-will employee who has been discharged by an employer in violation of a clear mandate of public policy has a cause of action *against the employer* for wrongful discharge." (emphasis added)).

Taylor makes two arguments on appeal. First, Taylor suggests that the Commissioners need not have been Taylor's employer to be liable for the common-law tort of wrongful discharge under Missouri law. Taylor argues that she need only "prove that defendant's conduct was an actual cause of her injury . . . [and] proximate cause, that the harm plaintiff suffered was the reasonable and probable consequence of defendant's conduct," for her claim to succeed. We disagree and conclude that Missouri law allows a former employee to maintain a public-policy wrongful discharge cause of action only against a former employer.

When determining the scope of Missouri law, we are bound by the decisions of the Supreme Court of Missouri. *City of Jefferson City v. Cingular Wireless LLC*, 531 F.3d 595, 599 (8th Cir. 2008). In *Luethans v. Washington Univ.*, the Supreme Court of Missouri asserted that a plaintiff must be a discharged employee of the defendant to bring a claim for wrongful discharge. 894 S.W.2d 169, 172 (Mo. 1995) (stating that "Luethans' cause of action against Washington University was pled as wrongful discharge . . . in violation of the public policy against retaliation for reports of animal mistreatment and neglect in violation of federal regulation. . . . Luethans must have been a discharged at-will employee of Washington University to sustain a cause of action" (internal quotation marks omitted)) (*abrogated in part by Keveney*

*v. Mo. Military Acad.*, 304 S.W.3d 98 (Mo. 2010) (allowing employees with employment contracts as well as at-will employees to bring claims for public policy wrongful discharge)). In *Chandler v. Allen*, the Missouri Court of Appeals[2] affirmed summary judgment in favor of four defendants on a wrongful discharge claim "because an employer/employee relationship was not established." 108 S.W.3d 756, 764 (Mo. Ct. App. 2003); *see also Maritz Holdings, Inc. v. Fed. Ins. Co.*, 298 S.W.3d 92, 101 (Mo. Ct. App. 2009) ("[T]hose who are familiar with employment law understand that a wrongful discharge cause of action requires an employer/employee relationship."); *Genasci v. City of O'Fallon*, No. 06-cv-542, 2008 WL 3200812, at *5 (E.D. Mo. Aug. 6, 2008) (concluding that "wrongful termination claims are only available against [an employee's] actual former employer" and dismissing the employee's claims against the Mayor, Aldermen, City Manager, and Special Counsel of a municipality in their individual capacities (internal quotation marks omitted)); *cf. Entwistle v. Mo. Youth Soccer Ass'n*, 259 S.W.3d 558, 566 (Mo. Ct. App. 2008) (noting the jury instructions used by the trial court in a wrongful discharge case: "[y]our verdict must be for plaintiff Entwistle if you believe: First, plaintiff Entwistle was employed by defendant MYSA . . .."). We do not doubt that Missouri courts require an employer-employee relationship for a claim of wrongful discharge, as this comports with the purpose of the public policy exception to the at-will employment doctrine. *See Fleshner*, 304 S.W.3d at 92 (stating that failing to recognize such an exception "would allow employers to discharge employees, without consequence, for doing that which is beneficial to society"). Because Taylor must show that the Commissioners in their individual capacities were her employers for her claim to succeed, we proceed to her alternative argument.

---

[2] "Decisions from Missouri's intermediate appellate court (the Missouri Court of Appeals) are particularly relevant, and must be followed when they are the best evidence of Missouri law." *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005) (internal quotation marks omitted).

Second, Taylor argues that even if Missouri law requires her wrongful discharge claim to have been brought against her former employer, the individual Commissioners were indeed her employers because they "had the power to hire, fire and supervise Mrs. Taylor." We disagree. In Missouri, "[t]he determination of whether an employer/employee relationship exists is generally based on 'right of control.'" *Chandler*, 108 S.W.3d at 763 (quoting *Davis v. Human Dev. Corp.*, 705 S.W.2d 540, 542 (Mo. Ct. App. 1985)); *see also Alderson v. State*, 273 S.W.3d 533, 537 (Mo. 2009). The right of control is affected by factors such as the "extent of control, actual exercise of control, duration of employment, right to discharge, method of payment for services, furnishing of equipment, whether the work is part of regular business of the employer, and the contract of employment." *Chandler*, 108 S.W.3d at 763 (quoting *Davis*, 705 S.W.2d at 542). No one factor is controlling, "but each may be considered relevant to the issue." *Id.*

Taylor has not produced any evidence to show that the Commissioners, when acting in their individual capacities, had the right to, or did in fact, exercise any of these indicia of control. The Missouri statute authorizing election authorities gives only "[e]ach election authority," and not the individual Commissioners, the ability "to employ . . . employees as may be necessary to promptly and correctly perform the duties of the election authority." Mo. Rev. Stat. § 115.045 ("Boards may employ staff"). The authorizing statute also states that "[e]ach *board* of election commissioners . . . shall set the salaries of *its employees*," *Id.* § 115.049 (emphasis added), and that "[e]ach *board* shall adopt regulations to govern the hiring, probationary period, tenure, discipline, discharge and retirement of *its employees*," *Id.* § 115.047 (emphasis added). Moreover, Taylor conceded in her Response to Defendants' Statement of Summary Judgment Facts that "[t]he Board has direct responsibility for the hiring and termination of Directors." Taylor also conceded that she "was appointed by the Board after [the previous Democratic Director] resigned." and that "[n]o individual Commissioner can terminate a Director." In her deposition, Taylor answered affirmatively the question, "[A]s a Director of Elections you reported to the Board, didn't you?" Taylor has not, therefore, created a genuine issue of

material fact as to whether the Commissioners in their individual capacities, rather than only the Board (by a majority vote of the Commissioners acting in their official capacities), were her employer.[3]

Taylor points to no cases where Missouri courts have found public board members who lack the power individually to hire and terminate employees liable in their individual capacities for wrongful discharge. Taylor cites several cases that, she argues, support her claim that public commissioners and board members can be liable in their individual capacities, but we agree with the district court that these cases are inapposite because either they discuss "potential liability" for alleged constitutional violations under 42 U.S.C. § 1983, *Moran v. Clark*, 359 F.3d 1058 (8th Cir. 2004); *Mauzy v. Mexico Sch. Dist. No. 59*, 878 F. Supp. 153, 156 (E.D. Mo. 1995), or they apply broad statutory definitions of "employer," *Darby v. Bratch*, 287 F.3d 673, 680-81 (8th Cir. 2002); *Kizer v. Curators of the Univ. of Mo.*, 816 F. Supp. 548, 550-51 (E.D. Mo. 1993). None of these cases involves the cause of action at issue here: wrongful discharge in contravention of public policy under Missouri common law.

We conclude that Taylor was required under Missouri law to show that the Commissioners in their individual capacities were her employers and that no reasonable jury could make such a finding.[4] Therefore, we affirm the grant of

---

[3] Even if Taylor had presented evidence that the Commissioners exercised some degree of control or supervision of her daily activities in their individual capacities (an unlikely proposition), courts interpreting Missouri law have also refused to consider individuals who merely supervise an employee as employers for the purpose of wrongful-discharge claims. *See Irvine v. City of Pleasant Valley*, No. 09-cv-0682, 2010 WL 1611030, at *3 (W.D. Mo. Apr. 21, 2010); *Criswell v. City of O'Fallon*, No. 06-cv-01565, 2007 WL 1760744, at *6 (E.D. Mo. Jun. 15, 2007).

[4] Accordingly, we need not discuss whether Taylor presented sufficient evidence that her discharge violated public policy and whether the district court properly struck certain portions of Taylor's affidavit.

summary judgement to the Commissioners in their individual capacities on Taylor's claim for wrongful discharge.[5]

_____

<hr />

[5] Taylor also argues that the district court's grant of summary judgment is against public policy because it would leave her without redress. Taylor's claim for wrongful discharge is rightly brought against the Board, her former employer. Her recourse is limited not by the courts, but by the state of Missouri, which has chosen to afford immunity to public entities. Mo. Rev. Stat. § 537.600.