**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

_____

No. 11-6025

_____

In re:                                         *
                                               *
Edward D. Banks and                            *
Diane Marie Banks,                             *
                                               *
        Debtors.                               *
_____        *
                                               *
Edward D. Banks and                            *
Diane Marie Banks,                             *
                                               *
        Plaintiffs - Appellants,               *    Appeal from the United States
                                               *    Bankruptcy Court for the District
v.                                             *    of Minnesota
                                               *
Kondaur Capital Corporation,                   *
                                               *
        Defendant - Appellee,                  *
                                               *
Shapiro & Zielke, LLP, formerly                *
known as Shapiro Nordmeyer & Zielke,           *
                                               *
        Defendant.                             *

_____

Submitted: September 13, 2011
Filed: October 11, 2011

_____

Before VENTERS, FEDERMAN, and SALADINO, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

The Debtors, Edward and Diane Banks, appeal the bankruptcy court's entry of summary judgment in favor of Defendant Kondaur Mortgage Corp. in the Debtors' adversary action seeking, *inter alia*, to avoid Kondaur's mortgage lien on the Debtors' residence. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). For the reasons stated below, we reverse and remand the matter to bankruptcy court for further proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

Findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo.[1] The bankruptcy court's grant of summary judgment is reviewed de novo.[2]

## II. BACKGROUND

### A. Uncontroverted Facts

On June 27, 2006, the Bankses purchased a home located at 964 Laurel Avenue, St. Paul, Minnesota 55104. To finance this purchase, the Bankses executed a promissory note and mortgage in favor of New Century Mortgage Corporation ("NCMC") in the amount of $415,800.00. On April 2, 2007, NCMC filed for Chapter 11 bankruptcy protection in the Bankruptcy Court for the District of Delaware.[3] NCMC's bankruptcy case was jointly administered with the bankruptcy case filed by its parent company, New Century TRS Holdings, Inc.[4]

---

[1] *See In re Waterman*, 248 B.R. 567, 570 (B.A.P. 8th Cir. 2000).

[2] See *U.S. v. Horras*, 443 B.R. 159, 161–62 (B.A.P. 8th Cir.2011) (citing *Taylor v. St. Louis County Bd. of Election Commissioners*, 625 F.3d 1025, 1028 (8th Cir. 2010)).

[3] Case No. 07-10419-KJC.

[4] *In re New Century TRS Holdings, Inc.*, Case No. 07-10416.

On May 2, 2007, New Century Financial Corporation ("New Century") and certain of its subsidiaries (including NCMC) entered into an Asset Purchase Agreement ("APA") with Ellington Management Group, LLC.[5] Pursuant to the APA, Ellington purchased all of New Century's right, title, and interest in numerous notes and mortgages (the "Purchased Assets"), which included the Bankses' note and mortgage. The Delaware Bankruptcy Court approved the APA on May 7, 2007.

In connection with the APA, New Century also agreed to execute a power of attorney appointing Ellington as its attorney-in-fact, enabling Ellington to execute all documents necessary to assign or foreclose mortgages in the name of New Century. On March 12, 2008, New Century executed and delivered to Ellington a Limited Power of Attorney, which was recorded with the Ramsey County (Minnesota) Recorder on February 25, 2010.

On July 15, 2008, the Delaware Bankruptcy Court approved a plan of liquidation for New Century TRS Holdings, Inc. The remainder of New Century's assets were transferred to a liquidating trustee pursuant to the plan.[6]

On May 11, 2009, Ellington, as attorney-in-fact for New Century, assigned the Bankses' mortgage to Elizon LA 2007-2, LLC.[7] The assignment was recorded on

_____

[5] The relationship between NCMC and New Century Financial Corp. is not clear from the record, but it is not the basis of any challenge here.

[6] The Bankses' argument that Ellington lacked the authority to assign the Banksees' mortgage to Kondaur because the assignment took place some time after New Century's assets were transferred to a liquidating trustee under New Century TRS Holdings, Inc.'s plan is without merit. Although New Century might have remained the titular owner of the mortgage, its substantive rights therein had already been transferred to Ellington pursuant to the APA.

[7] Inexplicably, the date on the assignment indicates that it was signed on May 11, 2009, but the notarization indicates that it was signed on May 11, 2007.

June 23, 2009, but according to Kondaur, the assignment to Elizon was a mistake. On February 22, 2010, Ellington executed a "Corrective Assignment Mortgage" purporting to re-assign the Bankses' mortgage to Kondaur. The Corrective Assignment was recorded on February 25, 2010.[8]

## B.     Procedural Background

The Bankses filed a Chapter 13 bankruptcy petition on May 17, 2010. On October 12, 2010, they filed a seven-count complaint against Kondaur, seeking a combination of declarative, injunctive, and compensatory relief. At essence, the Bankses challenge Kondaur's standing as the holder of the promissory note and owner of the mortgage originally executed in favor of NCMC. Attached to the complaint as exhibits were copies of (a) the assignment of mortgage from NCMC to Elizon LA 2007-2, LLC; (b) the "Corrective Assignment," purporting to assign the mortgage from NCMC to Kondaur; and (c) the limited power of attorney giving Ellington Management Group, LLC the power to endorse and transfer mortgages on NCMC's behalf.

On November 24, 2010, Kondaur filed a motion to dismiss the lawsuit. Kondaur attached a copy of the APA to the motion and referenced Kondaur's proof of claim, to which was attached a copy of the original promissory note – endorsed in blank – and the original mortgage to NCMC.

---

[8] Although we reverse on other grounds, we have serious concerns about the validity and effect of the "Corrective Assignment." At oral argument, Kondaur represented that it was common practice in the mortgage industry. Considering the current state of the mortgage industry, this gives us little comfort. At the least, the Corrective Assignment would appear to create a cloud on Kondaur's right to foreclose, necessitating a judicial foreclosure.

The bankruptcy court held a hearing on Kondaur's motion to dismiss on December 20, 2010, at which time the court indicated its intent to treat the motion as one for summary judgment since the motion referred to material outside of the pleadings. Counsel for the Debtors reiterated that they were there on a motion to dismiss – not a motion for summary judgment – but they didn't specifically object to going forward, and they too referred to the APA in their argument.

On December 23, 2010, the bankruptcy court entered an order granting Kondaur summary judgment on all counts of the Debtors' complaint.[9] The Debtors timely appealed.

## DISCUSSION

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[10] We view the summary judgment record in the light most favorable to the nonmoving party and afford that party all reasonable inferences.[11] An issue of fact must be based on specific factual allegations.[12]

---

[9] The order did not include a judgment on Count VII of the complaint, which alleged that Kondaur's attorneys violated the Fair Debt Collection Practices Act, because the reference had been withdrawn on that count on April 14, 2011.

[10] Fed.R.Civ.P. 56, applicable herein pursuant to Fed. R. Bankr.P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[11] *See In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008).

[12] *See Neighborhood Enterprises, Inc. v. City of St. Louis*, 644 F.3d 728, 734 (8th Cir.2011) (citation omitted).

Summary judgment was improper in this case because there was a material issue of fact regarding whether Kondaur has possession of the original promissory note.

As Kondaur admits, and is apparent from the copy of the note attached to its proof of claim, the promissory note the Debtors executed in favor of NCMC has not been specifically endorsed to Kondaur; it is endorsed in blank. Accordingly, it is a "bearer" note, which requires actual possession of the note to enforce or negotiate it.[13] The Debtors raised the issue of whether Kondaur is the proper party to enforce the note and cast further doubt on Kondaur's standing by introduction of the Corrective Assignment. Unfortunately, there is nothing in the record evidencing the location of the note. Kondaur's counsel represented at oral argument before this Court that Kondaur has possession of the note, but its failure to produce the note prior to or at the hearing on its motion to dismiss (treated as a motion for summary judgment) precluded a determination that Kondaur has the right, as a matter of law, to enforce the promissory note.

At oral argument, Debtors' counsel conceded that there is a valid mortgage on the property and that production of the note most likely will remove the final hurdle to Kondaur's pending motion for relief and Kondaur's motion to dismiss the adversary proceeding.[14]

## CONCLUSION

For the reasons stated above, the bankruptcy court's order entering summary judgment in favor of Kondaur is reversed and remanded for proceedings consistent with this opinion.

---

[13] *See* Minn. Stat. § 336.3-205(b).

[14] *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 494 (Minn. 2009).