

# SUPREME COURT OF MISSOURI
## en banc

MISSOURI MUNICIPAL LEAGUE,       )
CITY OF SPRINGFIELD, and         )
RICHARD SHEETS,                  )
                                 )
       Appellants,        )
                                 )
v.                               )    No. SC95337
                                 )
STATE OF MISSOURI,               )
                                 )
       Respondent.        )

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### The Honorable Jon E. Beetem, Judge

*Opinion issued May 24, 2016*

The Missouri Municipal League, the City of Springfield, and Richard Sheets (collectively, "plaintiffs") appeal the circuit court's judgment for the State on the plaintiffs' challenge to the constitutional validity of two bills passed by the General Assembly. This Court has jurisdiction of the appeal pursuant to article V, § 3 of the Missouri Constitution. The circuit court's judgment is affirmed.

### Factual and Procedural History

In 2013, the General Assembly passed House Bill 331 and House Bill 345, which repealed and enacted in lieu thereof numerous sections dealing with local government control over telecommunications infrastructure permitting and public right-of-way. Later that year, a circuit court ruled H.B. 331 and H.B. 345 were enacted in violation of procedural requirements of the Missouri Constitution. The State appealed the circuit court's

judgment to this Court. With the State's appeal still pending, the General Assembly passed Senate Bill 649 and Senate Bill 650 in early 2014. S.B. 649 and S.B. 650 repealed and enacted in lieu thereof some of the same sections as had H.B. 331 and H.B. 345 and, in doing so, set forth the text of H.B. 331 and H.B. 345 as the then-existing law for the relevant sections with proposed changes noted.

Two days before S.B. 649 and S.B. 650 became effective (and two days before this Court dismissed the State's appeal in the H.B. 331 and H.B. 345 case[1]), the Missouri Municipal League,[2] the City of Springfield, and Richard Sheets brought suit challenging S.B. 649 and S.B. 650 under the Missouri Constitution. The plaintiffs sought a declaratory judgment and injunctive relief, claiming: (1) the contents of the bills violated article I, § 13's prohibition against retrospective laws; article III, § 40(28)'s prohibition on special laws, and article X, § 21's prohibition on unfunded mandates; and (2) the bills were enacted in violation of article III, § 28. The State moved to dismiss the substantive claims, and both sides moved for a judgment on the pleadings for the enactment claims. The circuit court sustained the State's motions, and the plaintiffs appealed to this Court.

### Standard of Review

"This Court reviews the trial court's grant of a motion to dismiss *de novo*." *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011). "In determining whether a motion to dismiss should have been granted, the appellate court reviews the petition, 'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action,

---

[1] *City of Liberty v. State*, SC93799.
[2] According to the plaintiffs' petition, the Missouri Municipal League "is a membership association of Missouri municipalities, including cities, towns, and villages."

or of a cause that might be adopted in that case.'" *Id.* "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss; i.e., assuming the facts pleaded by the opposite party to be true, these facts are, nevertheless, insufficient as a matter of law." *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 134 (Mo. banc 2000) (internal quotations omitted). "A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Id.*

## Retrospective Law Claim

The plaintiffs argue the circuit court erred in dismissing their retrospective law claim based on lack of standing because the City of Springfield and the Missouri Municipal League have standing in that they are directly and adversely affected by the laws enacted by S.B. 649. In general, a plaintiff has standing to bring an action for declaratory judgment "if the plaintiff is directly and adversely affected by the action in question." *Ste. Genevieve Sch. Dist. R-II v. Bd. of Aldermen of City of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). However, even if the City of Springfield and the Missouri Municipal League have standing to bring an action for declaratory judgment under the general criteria, *see Planned Indus. Expansion Auth. of City of St. Louis v. Sw. Bell Tel. Co.*, 612 S.W.2d 772, 776 (Mo. banc 1981), this does not mean they have a recognized claim pursuant to article I, § 13's prohibition against retrospective laws. Our constitutional prohibition against laws retrospective in operation is located in our citizen bill of rights. "Because the retrospective law prohibition was intended to protect citizens and not the state, the legislature may constitutionally pass retrospective laws that waive the rights of the state." *Savannah R-III*

*Sch. Dist. v. Pub. Sch. Ret. Sys. of Mo.*, 950 S.W.2d 854, 858 (Mo. banc 1997). By extension, the legislature may also waive or impair the vested rights of political subdivisions, such as cities, without violating the prohibition on retrospective laws. *Id.*; *see also Barton Cnty. v. Walser*, 47 Mo. 189, 205 (Mo. 1871). Therefore, the petition failed to state a permissible claim by a municipality pursuant to article I, §13 and the State was entitled to a dismissal of this claim.

### Special Law Claim

The plaintiffs argue the circuit court erred in dismissing their special law claim pursuant to article III, § 40(28) of the Missouri Constitution, which prohibits the General Assembly from passing any special law "granting to any corporation, association or individual any special or exclusive right, privilege or immunity." "A special law includes less than all who are similarly situated . . . but a law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis." *Alderson v. State*, 273 S.W.3d 533, 538 (Mo. banc 2009) (internal quotations omitted). "A law based on open-ended characteristics is not facially special and is presumed to be constitutional." *Id.* (internal quotations omitted). Here, the plaintiffs made a mere conclusory allegation that § 67.1842.1(6), as enacted by S.B. 649, is an unconstitutional special law. That section applies to "any public utility that has legally been granted access to the political subdivision's right-of-way." The petition offered no supporting facts as to how § 67.1842.1(6) "includes less than all who are similarly situated" or is not "based on open-ended characteristics." "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Transit Cas. Co. ex rel.*

4

*Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Emps.*, 43 S.W.3d 293, 302 (Mo. banc 2001); Rule 55.05. The text of S.B. 649 does not apply to a "closed class," and the conclusory allegations in the petition did not state a claim pursuant to article III, § 40(28). Therefore, the State was entitled to a dismissal of this claim.

## Unfunded Mandate Claim

The plaintiffs argue the circuit court erred in dismissing their unfunded mandate claim under article X, § 21 for lack of standing because Richard Sheets, a resident and taxpayer of Cole County, has standing to bring the claim. Article X, § 23 provides that "any taxpayer of the state, county or other political subdivision shall have standing to bring suit . . . to enforce the provisions of sections 16 through 22." While the petition alleged Sheets was a taxpayer of Cole County, the petition did not allege that any provisions enacted by S.B. 649 or S.B. 650 impose an impermissible unfunded mandate on Cole County. The only allegations were that provisions enacted impose unfunded mandates on the City of Springfield and the member-cities of the Missouri Municipal League. Because Sheets did not claim to be a taxpayer of any of the affected political subdivisions, Sheets did not allege sufficient facts to establish standing to bring the claim pursuant to article X, § 21. The State was entitled to a dismissal of this claim.

## Enactment Claim

The plaintiffs argue the circuit court erred in granting judgment on the pleadings for the State with regard to the plaintiffs' claim that the enactments of S.B. 649 and S.B. 650 violated article III, § 28. The plaintiffs argue S.B. 649 and S.B. 650 improperly revived H.B. 331 and H.B. 345 because a circuit court had ruled them invalid and S.B. 649 and S.B.

650 still set forth the text of H.B. 331 and H.B. 345 as being the then-existing law. Article III, § 28 provides:

> No act shall be revived or reenacted unless it shall be set forth at length as if it were an original act. No act shall be amended by providing that words be stricken out or inserted, but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or section amended, shall be set forth in full as amended.

This Court will hold legislation to be unconstitutional based on procedural limitations only if the legislation "**clearly and undoubtedly** violates the constitutional limitation." *Mo. Roundtable for Life, Inc. v. State*, 396 S.W.3d 348, 351 (Mo. banc 2013) (internal quotations omitted) (emphasis added). At the time the General Assembly passed S.B. 649 and S.B. 650, H.B. 331 and H.B. 345 did not need to be "revived" because a determination of their validity was still pending in an appeal before this Court. *See* Mo. Const. art. V, § 3. Therefore, set forth as they were, S.B. 649 and S.B. 650 did not "clearly and undoubtedly" violate article III, § 28 in showing the text of H.B. 331 and H.B. 345 to be the then-existing law. *See C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322, 326 (Mo. banc 2000) (noting the purpose of article III, § 28 "is to avoid the confusion, uncertainty, and inconvenience that comes from having fragmented statutory amendments"). The State was entitled to judgment on the pleadings on this claim.

## Conclusion

The circuit court's judgment is affirmed.

_____
Zel M. Fischer, Judge

Breckenridge, C.J., Stith, Draper, Wilson and Russell, JJ.concur;
Teitelman, J., dissents in part and concurs in part in separate opinion filed.

6



# SUPREME COURT OF MISSOURI
## en banc

MISSOURI MUNICIPAL LEAGUE,       )
CITY OF SPRINGFIELD, and       )
RICHARD SHEETS,       )
      )
      Appellants,       )
      )
v.       )       No. SC95337
      )
STATE OF MISSOURI,       )
      )
      Respondent.       )

## OPINION DISSENTING IN PART AND CONCURRING IN PART

I respectfully dissent from the principal opinion only to the extent it holds that the city of Springfield and the Missouri Municipal League lack standing to assert a claim based on article I, section 13 of the Missouri Constitution. Article I, section 13 provides " that no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted." The plain language of article I, section 13 provides that no law "retrospective in its operation … can be enacted." The plain meaning of this language is that the General Assembly is barred, without exception, from enacting any retrospective laws. While the principal opinion notes, correctly, that there is a line of cases holding otherwise, these cases are inconsistent with the plain language of article I, section 13 and

were wrongly decided. Therefore, I would hold that the city and the Municipal League have standing to pursue a claim based on article I, section 13.

_____

Richard B. Teitelman