

# SUPREME COURT OF MISSOURI
## en banc

DIMETRIOUS WOODS,           )      *Opinion issued February 4, 2020*
)
          Respondent,     )
)
v.                                    )      No. SC97633
)
MISSOURI DEPARTMENT OF     )
CORRECTIONS,            )
)
          Appellant.      )

APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Daniel R. Green, Judge

The circuit court of Clay County found Dimetrious L. Woods guilty of trafficking drugs in the second degree, section 195.223.3(2), RSMo Supp. 2005, for acts committed in May 2006. The court also found Mr. Woods was a prior and persistent drug offender, which required the court to sentence him to a term served without probation or parole under section 195.295.3.[1]

Effective January 1, 2017, the general assembly repealed section 195.295, and, in May 2017, Mr. Woods filed a single-count petition for declaratory judgment against the Missouri Department of Corrections. Mr. Woods claimed his parole eligibility

---

[1] All references to section 195.295 are to RSMo 2000.

should no longer be governed by section 195.295 and he should be deemed eligible for parole under existing laws. The parties filed cross-motions for judgment on the pleadings. The circuit court sustained Mr. Woods's motion, and Mr. Woods received a hearing that resulted in his release on parole in March 2018. The department appealed, and the court of appeals transferred the case to this Court after opinion. Mo. Const. art. V, sec. 10.

## Standard of Review

This Court reviews a circuit court's ruling on a motion for judgment on the pleadings *de novo*. *Mo. Mun. League v. State*, 489 S.W.3d 765, 767 (Mo. banc 2016). "[A] motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Madison Block Pharmacy, Inc. v. U.S. Fid. & Guar. Co.*, 620 S.W.2d 343, 345 (Mo. banc 1981).

## Analysis

Mr. Woods's motion presents a single question: whether the repeal of section 195.295 renders him eligible for parole. He argues the repeal may be given retroactive effect to render him eligible for parole because parole eligibility is not part of his sentence. The department argues Mr. Woods's parole ineligibility is part of his sentence and giving the repeal retroactive effect to eliminate his parole ineligibility would alter the terms of his sentence – a result prohibited by section 1.160, RSMo 2016.

This case presents identical issues as those presented in *Mitchell v. Jones*, No. SC97631, __ S.W.3d __ (Mo. banc Feb. 4, 2020), decided concurrently herewith. The same contentions are made concerning the applicability of section 1.160, RSMo 2016, the retroactive effect of section 195.295's repeal, and whether parole ineligibility under that section is a condition of an offender's sentence. For the reasons fully set forth in *Mitchell*, the repeal of section 195.295 has no effect on Mr. Woods's parole ineligibility.

"The well-pleaded facts of the non-moving party's pleading are treated as admitted for purposes of the motion [for judgment on the pleadings]." *Emerson Elec. Co. v. Marsh & McLennan Cos.*, 362 S.W.3d 7, 12 (Mo. banc 2012). The facts alleged in the petition and admitted in the answer establish that Mr. Woods was found guilty of trafficking drugs in the second degree, that he was sentenced as a prior drug offender to 25 years' imprisonment without eligibility for parole under section 195.295, and that section 195.295 was repealed, effective January 1, 2017. The department's answer denied only the legal conclusions of Mr. Woods's petition. The parties simply disagree about the legal effect section 195.295's repeal has on Mr. Woods's eligibility for parole. Consequently, further proceedings in the circuit court are unnecessary, and, under Rule 84.14, this Court may enter judgment for the department on its cross-motion for judgment on the pleadings. *City of DeSoto v. Nixon*, 476 S.W.3d 282, 291 (Mo. banc 2016) ("Under Rule 84.14, this Court may enter the judgment the trial court should have entered."); *see also* Rule 84.14.

3

**Conclusion**

The circuit court's judgment is reversed, and this Court enters judgment in favor of the department pursuant to Rule 84.14.

_____
PATRICIA BRECKENRIDGE, JUDGE

Draper, C.J., Wilson, Russell,
Powell and Fischer, JJ., concur;
Stith, J., dissents in separate opinion filed.



# SUPREME COURT OF MISSOURI
## en banc

DIMETRIOUS WOODS,          )
           )
          Respondent,   )
           )
v.           )     No.  SC97633
           )
MISSOURI DEPARTMENT OF  )
CORRECTIONS,        )
           )
          Appellant.   )

## DISSENTING OPINION

For the reasons stated in my dissenting opinion in *Mitchell v. Jones*, *No. SC97633, __ S.W.3d __ (Mo. banc Feb. 4, 2020)*, decided concurrently herewith, I respectfully dissent.

_____
LAURA DENVIR STITH, JUDGE