Nellie MILLER, Appellant,

v.

POLICE RETIREMENT SYSTEM OF CITY OF ST. LOUIS, and I. A. Long, Milton Carpenter, Abraham Lowenhaupt, N. A. Sweets, Thomas L. Moran, Walter J. Kyle, Cornelius A. Powers, known as Board of Trustees, Police Retirement System of City of St. Louis, Respondents.

No. 45465.

Supreme Court of Missouri.

Division No. 2.

Dec. 10, 1956.

. George R. Gerhard, St. Louis, for appellant.

James V. Frank, City Counselor, Charles J. Dolan, Associate City Counselor, William B. Anderson, Assistant City Counselor, St. Louis, for respondents.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of the City of St. Louis dismissing appellant's petition for the reason that the circuit court was without jurisdiction to entertain an original and independent action to recover benefits from the Police Retirement System of the City of St. Louis.

Appellant is the widow of Herbert R. Miller, deceased, who was at the time of his death a member of the police force and the Police Retirement System of the City of St. Louis. In her petition appellant al-

leged that on February 11, 1955, while in the performance of his duties as a policeman, Herbert R. Miller was struck by an automobile and injured, and as a direct and proximate result of this injury he was caused to develop a cancerous condition, or a pre-existing and dormant cancerous condition was caused to become aggravated and activated, and as a result thereof he died on June 18, 1955. Appellant contends she is entitled to the accidental death benefit authorized by Section 86.093 (all statutory references are to RSMo 1949, V.A. M.S.) which consists of a pension of a stipulated amount per month during her widowhood. Paragraph 3 of appellant's petition is as follows: "Plaintiff further states that, although the applicable statutes of the State of Missouri grant original jurisdiction for the determination of claims against defendant Police Retirement System of City of St. Louis to the defendants, said statutes fail and omit to empower any of said defendants to summon witnesses or documents, and fails and omits to empower any of the defendants to administer oaths; that plaintiff invokes the jurisdiction of this Court on the grounds that, in view of the lack of authority of said defendants to summon witnesses and documents, and administer oaths, any determination of plaintiff's rights herein by defendants would be unconstitutional as a deprivation of plaintiffs property rights without due process of law."

Section 86.023 provides that the general administration and the responsibility for the proper operation of the police retirement system are vested in a board of trustees of seven members, which, pursuant to Section 86.037, shall have *exclusive original jurisdiction* in all matters relating to or affecting the funds of the retirement system, including, in addition to all other matters, all claims for annuities, benefits and refund of pensions.

In State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68, 71, the plaintiff brought an original suit in the circuit court for benefits under the police retirement system after the board of trustees had held a hearing and had ruled adversely on her claim. The Police Retirement System of City of St. Louis successfully sought prohibition to restrain the circuit judge from exercising jurisdiction. Several matters were settled in that case which are material to and controlling in this case. It was there held that the board of trustees is a quasi-judicial tribunal authorized upon a hearing to find and determine fact issues, and that the specific and exclusive authority granted to the board of trustees for the original determination of all claims "necessarily includes the power and imposes the duty on the board to hold hearings and to receive evidence and proof" on claims for the accidental death benefit authorized by Section 86.093. It was further held that the provision in Section 86.037 that the action of the board of trustees on any claim for benefits shall be reviewable only by the common law writ of certiorari "is now nullified" by Missouri Constitution, Article V, Section 22, V.A.M.S., and that the board of trustees of the police retirement system is one of the administrative bodies included in the provisions of the administrative procedure act. Therefore, the action of the board of trustees on appellant's claim would be subject to judicial review as provided in Section 536.140.

Appellant has pleaded in her petition that the "applicable statutes" vest exclusive original jurisdiction in the board of trustees of the Police Retirement System of the City of St. Louis to hear and determine her claim. The only contention presented in her brief is that if she availed herself of the administrative procedure provided by law she would be denied due process. Appellant is not entitled to raise this constitutional question in this proceeding.

"The rule is well settled that a person may not urge the unconstitutionality of a statute in the absence of showing injury. A person may question the consti-

tutionality of a statute only when it is applied to his disadvantage." State ex rel. Police Retirement System of City of St. Louis v. Murphy, supra [4]. See also Ex parte Lockhart, 350 Mo. 1220, 171 S.W.2d 660 [18]; State ex rel. State Board of Mediation v. Pigg, 362 Mo. 798, 244 S.W.2d 75 [1]; Stribling v. Jolley, 362 Mo. 995, 245 S.W.2d 885 [1]. Appellant has not requested a hearing before the board of trustees; she has not been denied the right to have the testimony in her hearing before the board of trustees presented only by sworn witnesses; and she has not been denied the right to the use of a subpoena to obtain her evidence. Appellant has in no way been injured by the alleged defects in the statute about which she complains, and by reason of that statute she has not been denied due process of law.

■ Section 86.037 provides an exclusive administrative procedure for appellant to follow in obtaining a determination of her claim. If the action of the board of trustees on her claim is not to her liking, provision is made for a judicial review thereof pursuant to the administrative procedure act, and the constitutional objections may then be presented if appellant has properly raised and preserved them. See Section 536.140. For one to contest the constitutionality of a statute setting forth an administrative remedy, that remedy must first be exhausted. Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745 [6], 98 L.Ed. 933; Bormann v. City of Richmond Heights, Mo.App., 213 S.W.2d 249 [1]; 16 C.J.S., Constitutional Law, § 95. This, the appellant has not done or attempted to do.

■ Appellant attempts to invoke the jurisdiction of this court because of the "amount in dispute." Although she prays for a judgment in a sum far in excess of $7,500, this is not controlling. Gillespie v. American Bus Lines, Mo.Sup., 246 S.W.2d 797 [2]. The substance of her claim is that she is entitled to the accidental death benefit authorized by Section 86.093, which consists of a monthly pension "during her widowhood" equal to one-half of her deceased husband's "average final compensation" as that term is defined in Section 86.010. There is nothing in the record to show what that monthly pension would be. This court does not have jurisdiction of this appeal because of the amount in dispute. Scannell v. Fulton Iron Works Co., Inc., Mo.Sup., 289 S.W.2d 122 [5, 6]; Crow v. Missouri Implement Tractor Company, Mo.Sup., 292 S.W.2d 573 [2]; Hogue v. Wurdack, Mo.Sup., 292 S.W. 576 [2]. The record affirmatively shows that appellant is not entitled to raise in this proceeding the constitutional question referred to in paragraph 3 of her petition, which is the only other possible basis for invoking the jurisdiction of this court. Therefore, this court is without jurisdiction of this appeal, and instead of entering an order affirming the judgment of the trial court, the appeal should be and is dismissed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

EAGER, P. J., STORCKMAN, J., and STONE, Special Judge, concur.

LEEDY, J., not sitting.