R.J.J., an Infant B/N/F and Natural Father, Ross E. JOHNSON, Ross E. Johnson, Appellants,

v.

Gerald SHINEMAN, Max Greever, Larry Rathbun and Laurie Rathbun, Respondents.

No. WD 34046.

Missouri Court of Appeals, Western District.

Sept. 20, 1983.

Theodore M. Kranitz, Kranitz & Kranitz, St. Joseph, for appellants.

Wendell E. Koerner, Jr., Brown, Douglas & Brown, St. Joseph, for respondents.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Judge.

Appellant Johnson, a high school student, brought suit to correct an allegedly erroneous failing grade assessed for one quarter in music studies, and for damages. In a bench trial, the court found for defendants and Johnson appeals. Affirmed.

Certain relevant facts were not in dispute. Johnson was a senior at Stanberry

High School during the academic year 1980 to 1981. He was enrolled in music courses of band and chorus, the former being taught by respondent Larry Rathbun and the latter by respondent Laurie Rathbun. Respondent Shineman is the superintendent of schools and respondent Greever is the principal of the junior-senior high school.

Among the activities related to the courses in music instruction, the Rathbuns had scheduled a performance by the school choir at a local Stanberry church the evening of December 17, 1980 and a Christmas program by the band and chorus for the school December 18, 1980. On the first day of the school term, students had been informed by the Rathbuns that no one would be excused from a performance unless by reason of a death in the immediate family or by means of a request made to the Rathbuns before the concert or performance. Attendance at performances was a requirement for completing the course of study.

In August, 1980, Johnson and his family were invited to spend Christmas with relatives in Hawaii and airline tickets were purchased and reservations were made in August for departure December 17, 1980. Johnson attended his classes, including band and chorus, through December 16 but he left on the Hawaii trip the following day. He did not appear or participate in the church program by the chorus December 17 nor the school program December 18. By reason of unexcused absence, Johnson was assessed an F grade for the second half-semester in band and chorus.

■ The evidence was disputed as to whether or not Johnson informed either of the Rathbuns in advance of his expected trip to Hawaii and the fact that he would not attend the performances of the chorus and band. The trial court concluded he did not. Johnson makes no claim the record lacks evidentiary support for this finding which turns on the credibility of the witnesses. We are therefore bound by the express finding by the trial court that Johnson's absence was without advance notice and without excuse given for the absence by either of the Rathbuns.

■ The primary basis urged by Johnson in his petition for equitable relief to correct the grade in music and his consequent class standing was the contention that compulsory attendance by chorus and band members at programs oriented to the Christmas season amounts to a religious ceremony violative of provisions in the United States and Missouri Constitutions concerning separation of church and state. The first point advanced by Johnson on this appeal related to the adverse decision by the trial court on this issue and reads as follows:

"The trial court erred in its finding that the Christmas concert was secular in nature and did not serve to advance or inhibit religion in violation of constitutional provisions, because the evidence established the unguided religious nature of the program, and the trial court should have sustained plaintiffs' position on this matter and entered a decree in their favor on Count One of the petition."

This purported statement of the point does not comply with Rule 84.04(d) because it does not indicate wherein and why the decision by the trial court is claimed to be erroneous. The most which can be extracted from the statement of the point of alleged error is a claim that the evidence lacks substance to support or is contrary to the finding by the court that the Christmas concert was secular and therefore advanced no religious objective. In the argument which follows, however, appellants make no effort to demonstrate why the court's finding purportedly errs in deciding the fact questions. Instead, appellants assume the religious content and objective of the music program and then advance a constitutional claim that the error of the trial court lay in approving "the giving of a failing grade because of non-appearance of a student at a religious function." The point fails because the record contains substantial evidence to support the conclusion by the trial court that the programs in question were secular and without religious impact, objective or interplay.

■ Quite apparently, appellants' original complaint and the answer by defendants brought before the trial court the threshold question of whether Christmas programs by the school were secular or religious and, if the latter, whether they did or did not advance some doctrine of faith. The issue was one essentially of fact turning on evidence as to the content of the programs and the circumstances of performance. The evidence fully supports the finding by the trial court that the programs were secular. The concerts consisted entirely of music and, in the case of the school band, some numbers were without vocal renditions. There were no prayers, no pageantry and no clergy participated. The selections did include Christmas carols associated with the season, but these were interspersed with other seasonal numbers such as Jingle Bells.

Apparently, respondents base their assumption that the programs were religious solely on the fact that Christmas carols are oriented in content to Christian belief. Appellants cite no case, and independent research has disclosed none, which condemn a public school music program as a religious observance violative of the establishment clause of the Constitution merely because music having a religious theme is included in the selections performed. Respondents cite *Florey v. Sioux Falls School Dist. 49–5*, 619 F.2d 1311 (8th Cir.1980), *cert. denied* 449 U.S. 987, 101 S.Ct. 409, 66 L.Ed.2d 251 (1980), a case which reviewed guidelines adopted by the school district to delineate the extent which programs observing holidays of religious and secular significance could include material with religious content. The court there held that the mere fact a program of secular music education included religious music did not alone brand the activity as violative of the constitutional directive for separation of church and state. That case expressly dealt with programs of Christmas carols, among other subjects.

We conclude that appellants' assumption as to the religious character of the December 17 and 18 programs is without basis and that the trial court's finding as to the secular nature of the activities was correct. Although this determination of the fact question is sufficient to rule the first point as set out in appellants' statement of the point, the divergence between that statement and the content of the argument ostensibly supporting the point is such that further discussion is necessary. We do so only in the interests of fully exploring appellants' contentions and without indicating approval of the briefing deficiencies already noted.

■ The thrust of appellants' constitutional argument is that no discipline could be imposed on the younger Johnson for unexcused absence from the music programs because the religious nature of the programs precluded enforced attendance. Under the facts of this case, Johnson lacks standing to assert the constitutional defect because there has been no adverse impact on Johnson's own rights.

As has already been discussed, Johnson gave no notice to the instructors, the Rathbuns, of his impending absence even though his trip to Hawaii had been planned more than three months in advance of the programs. He therefore can make no claim to have protested on religious grounds his enforced participation in the December programs. His absence was obviously to suit his own pleasure and convenience and not by offense taken at the program content. It was only much later, at the time the punitive grades were distributed, that the objection to school advancement of religious function surfaced.

Johnson has chosen to ignore, in his discussion of the constitutional argument, the availability for excused absences under the Rathbun directive for compulsory attendance at music department performances. Undisputed in this record is the testimony of Larry Rathbun that two students who were excused from participation in the Christmas concert were excused because of their religious beliefs. Moreover, Mr. Rathbun testified that he would have excused Johnson had Johnson asked to be excused. The claim of constitutional deprivation as-

serted is, under the facts presented, no more than a supposed and hypothetical creation applicable to a situation in which a Rathbun student requested and was denied excuse from the Christmas program and then suffered a grade penalty for absence. Johnson can assert no such claim personally because he admittedly sought no excuse when excuses were available and in fact granted.

■ A party has standing to challenge the constitutionality of a statute (or rule or directive as the case may be) only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of a statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. *County Court of Ulster Cty. v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

In the case of *Miller v. Police Retirement System of St. Louis,* 296 S.W.2d 78 (Mo. 1956), Miller was a claimant for benefits by reason of the death of her husband, a St. Louis police officer. The trial court dismissed her petition on the ground that Miller had failed to present the claim to the Board of Trustees of the Police Retirement System where original jurisdiction for claims was vested by statute. On appeal, Miller contended the statute was unconstitutional because proceedings before the Board gave her no right of subpoena and the Board was not empowered to administer oaths. The court held Miller to have no standing to raise the constitutional question because, having requested no hearing before the Board, she had not been denied the right to have testimony presented only by sworn witnesses and she had not been denied the right to the use of a subpoena to obtain her evidence.

"The rule is well settled that a person may not urge the unconstitutionality of a statute in the absence of showing injury. A person may question the constitutionality of a statute only when it is applied to

his disadvantage." *Miller, supra* at page 79–80.

See also, *Kansas City v. Douglas,* 473 S.W.2d 101 (Mo.1971) and *Wigand v. State Dept. of Public Health and Welfare,* 459 S.W.2d 522 (Mo.App.1970).

Beyond any doubt, had Johnson applied for excuse from the December 17 and 18 programs and been excused, he would have had no claim and no standing to challenge the rule. The present claim is in the same posture because it is based merely on the theoretical possibility that Johnson could have been denied an excuse and penalized for failure to attend the performances. The fact here is that Johnson suffered a failing quarter semester mark not because of violation of a rule requiring participation in a performance to which he objected on grounds of religion but because he did not inform the Rathbuns in advance of his vacation plan and because he made no attempt to validate his absence by seeking an available exception to application of the rule.

On the authorities cited, Johnson has no standing to challenge the rule for attendance at the Christmas programs because the content of the programs was irrelevant and not associated with the impact of the rule on him and the injury of which he complains.

In his second point on appeal, Johnson intermingles various contentions which appear to assert the following: (a) The finding by the trial court that the Rathbuns announced in advance the rule for compulsory attendance at performances and that Johnson was aware of the rule lacks any evidentiary support, (b) The penalty of a failing mark for non-attendance at a performance is an abuse of "tutorial discretion," (c) Before respondents were entitled to assess a grade penalty against Johnson, he was entitled to notice and a hearing comporting with due process, and (d) The trial court erroneously relied on matters not in evidence.

■ The first branch of appellants' contention lacks validity because the record

shows from the testimony of the Rathbuns that notice was given all students at the beginning of the semester as to the requirement for attendance at performances. Laurie Rathbun also testified that the notice included the warning that a failing grade would be imposed for absence, without prior notification. Additionally, a witness testified to an advance acknowledgement to her by Johnson that he knew he would receive a failing grade for missing the Christmas program, but he was taking the trip anyway. The finding by the trial court that Johnson was fully aware of the consequences of his unexcused absence is supported by substantial evidence and is not against the greater weight of the evidence.

The second subpoint related to "tutorial discretion" will not be discussed, first because the point does not comply with Rule 84.04(d) in that it is unrelated to any particular action or ruling by the trial court and fails to indicate wherein and why any ruling is claimed to be erroneous. Secondly, the contention is not developed in the argument portion and there is no citation of authority describing or applying a concept of this description.

■ In the third contention, appellants argue at length that Johnson's music course grade and his class standing constitute property rights endowed with constitutional protection and, under the Fourteenth Amendment to the United States Constitution, such rights may not be taken away without due process. Cases cited include those dealing with entitlement of students to a public education. It is unnecessary for disposition of this appeal to consider whether the student at a public educational facility acquires a property right in a particular course grade or class rank. The due process argument is raised by appellants for the first time on this appeal. No such contention was made in appellants' petition and there is no indication that the subject was presented to the trial court. Constitutional issues must be raised at the earliest opportunity or they are waived. *Fuller v. North Kansas City School Dist.*, 629 S.W.2d 404 (Mo.App.1981). Appellants have no entitle-

ment to consideration of the argument at this late stage of the case.

Finally, appellants suggest, only in the statement of the point, "that the trial court should not have relied on matters not in evidence." The only relevance of this abstract proposition is to the earlier claim that the record included no evidence of notice to Johnson that his absence would result in a failing grade. The subject is not otherwise developed and appellants' argument points to no matter, apart from the subject of notice of the "F" grade, allegedly considered by the trial court outside the record. As to this aspect of the case, appellants' brief presents nothing for review.

The judgment is affirmed.

All concur.