

# In the
# Missouri Court of Appeals
# Western District

AUDREY BAKER, et al,

     Appellants,

v.

CROSSROADS ACADEMY-CENTRAL
STREET, et al,

     Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

WD84941

OPINION FILED:

May 17, 2022

Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Charles H. McKenzie, Judge

Before Division Two:
Karen King Mitchell, P.J., Edward R. Ardini, Jr. and Thomas N. Chapman, JJ.

 G.B., J.B., and W.B., and their parents, Zach and Audrey Baker, (collectively "the Bakers") appeal from the judgment of the Circuit Court of Jackson County dismissing with prejudice their petition against a school and various school, city, county, and state officials alleging that Missouri vaccination and exemption regulations for school children, and their enforcement, violate constitutional provisions and federal and state laws. They raise six points on appeal. The judgment is affirmed.

## Background[1]

Missouri law requires all students to be immunized and provide proof of such immunizations. § 167.181.2.[2] Exemptions based on religious beliefs are given if a parent or guardian objects in writing to the school administrator. § 167.181.3.[3] The Department of Health & Senior Services ("DHSS") promulgates rules and regulations governing the required immunization program and supervises and secures its enforcement. § 167.181.1.[4] To assert a religious exemption from the school children vaccination requirement, a parent's exemption statement "must be provided on an original Department of Health and Senior Services' form Imm.P.11A" ("Form 11"). 19 C.S.R. § 20-28.010(1)(C)(2). A Form 11 "may be obtained by contacting a medical provider, local public health agency, or the department's Bureau of Immunization Assessment and Assurance at PO Box 570, Jefferson City, MO 65102-0570, or by calling 800-219-3224." *Id.* The form contains the following language:

> We strongly encourage you to immunize your child, but ultimately the decision is yours. Please discuss any concerns you have with a trusted healthcare provider or call the immunization coordinator at your local or state health department. Your

---

[1] In reviewing a judgment dismissing a petition with prejudice, the appellate court assumes all facts alleged in the petition are true and liberally construes all reasonable inferences in favor of the plaintiff. *G.B. v. Crossroads Acad.- Central St.*, 618 S.W.3d 581, 584 n.1 (Mo. App. W.D. 2020).

[2] "It is unlawful for any student to attend school unless he has been immunized as required under the rules and regulations of the department of health and senior services, and can provide satisfactory evidence of such immunization[.]" § 167.181.2. All statutory references are to RSMo 2016 unless otherwise indicated.

[3] "This section shall not apply to any child if one parent or guardian objects in writing to his school administrator against the immunization of the child, because of religious beliefs or medical contraindications. In cases where any such objection is for reasons of medical contraindications, a statement from a duly licensed medical physician must also be provided to the school administrator." § 167.181.3.

[4] "The department of health and senior services, after consultation with the department of elementary and secondary education, shall promulgate rules and regulations governing the immunization against poliomyelitis, rubella, rubeola, mumps, tetanus, pertussis, diphtheria, and hepatitis B, to be required of children attending public, private, parochial or parish schools. Such rules and regulations may modify the immunizations that are required of children in this subsection. The immunizations required and the manner and frequency of their administration shall conform to recognized standards of medical practice. The department of health and senior services shall supervise and secure enforcement of the required immunization program." § 167.181.1.

final decision affects not only the health of your child, but also the rest of your family, the health of your child's friends and their families, classmates, neighbors, and community.

Unimmunized children have a greater risk of contracting and spreading vaccine-preventable diseases to babies who are too young to be fully immunized due to medical conditions and those who cannot be immunized due to medical conditions. In the event of an outbreak of a vaccine-preventable disease within a particular facility, children who are not fully immunized or do not have documented laboratory evidence of immunity shall not be allowed to attend school or day care until the local health authority declares the designated outbreak or health emergency has ended.

The form also contains a section for a parent's election of religious exemption.

On December 29, 2019, the Bakers filed their underlying lawsuit against Crossroads Academy-Central Street ("Crossroads"), Karis Parker, Crossroads' principal, and Eva Copeland, Crossroads' school nurse (collectively "Crossroads Defendants"); Rex Archer, in his official capacity as Director of the City of Kansas City, Missouri Health Department ("City Health"), and Bridgette Casey, in her official capacity as Director of the Jackson County Health Department ("County Health") (collectively "Health Departments"); and Randall Williams, in his official capacity as Director for the Missouri Department of Health & Senior Services ("DHSS"), and Eric Schmitt, in his official capacity as Missouri Attorney General ("AG") (collectively "State Defendants").[5] In their petition, they alleged that, since as early as 2017, the three Baker children have attended Crossroads Charter School unvaccinated based on their parents' providing to the school's administrator a written objection to vaccinations on religious grounds, which the school accepted. They further alleged that Crossroads later "changed policies and demanded that the Bakers" again provide "their religious objections to vaccinations for each child," but this

---

[5] This is not the only lawsuit the Bakers have filed relating to the school children immunization requirement. The opinion in *G.B. v. Crossroads Acad.-Central St.*, 618 S.W.3d 581, 587 (Mo. App. W.D. 2020), provides a synopsis of the lawsuits the Bakers have filed.

time on an original DHSS Form 11.  The Bakers claimed that the Form 11 "was only obtainable from a local health department who then requires a parent to make an appointment, then watch a pro-vaccine video, or be questioned by a nurse as a condition to obtaining the form."  The Bakers alleged that, at the beginning of the 2019 school year, Audrey Baker provided the school administrator with a handwritten note stating, "PURSUANT TO MISSOURI STATUTE 167.181, I AM MAKING A RELIGIOUS OBJECTION TO VACCINATIONS ON BEHALF OF MY CHILD AND AM GIVING IT TO THE SCHOOL ADMINISTRATOR.  I AM WILLING TO FILL OUT A FORM IF THE SCHOOL PROVIDES IT TO ME WHICH THEY WILL NOT DO."  She provided another written objection on a printed Form 11 she found online, which was watermarked "Sample".  The school rejected the two written objections, and informed her that an original Form 11 must be completed otherwise the children would be not be allowed to attend. The Bakers alleged that the children were expelled from the school and are being denied an education.

The Bakers' 20-count petition asserted a variety of state and federal statutory and constitutional claims, based on alleged violations of the Bakers' rights to (1) free exercise of religion, (2) first amendment speech, (3) a child's bodily integrity and autonomy, (4) the parental right to consent, to make medical decisions, and to direct the upbringing according to religious conviction, and (5) equal protection.  Because the lawsuit asserted numerous claims under federal law, it was removed to the federal district court.  The federal district court ultimately dismissed the federal statutory and constitutional claims.[6]  It declined to exercise supplemental

---

[6] *See W.B. by and through Baker v. Crossroads Acad.-Cent. St.*, No. 4:19-cv-00682-HFS, 2020 WL 206718 (W.D. Mo. Jan. 10, 2020) and *G.B. by and through Baker v. Crossroads Acad.-Cent. St.*, No. 20-00003-CV-W-HFS, 2020 WL 996455 (W.D. Mo. March 2, 2020), *aff'd sub nom. B.W.C. v. Williams*, 990 F.3d 614 (8th Cir. 2021).

jurisdiction over the state law claims and remanded the case back to the trial court. The trial court recognized in its judgments that the federal statutory and constitutional claims had been dismissed by the federal court.

The parties filed various motions to dismiss, motions for judgment on the pleadings, and motions for summary judgment regarding the remaining state law claims. After entering numerous orders and judgments, the trial court entered a final judgment in favor of the defendants on all claims and dismissed the Bakers' petition with prejudice on October 8, 2021. Relevant to this appeal, on November 10, 2020, the trial court entered judgment granting the Health Departments' motions to dismiss based on lack of standing. On June 16, 2021, the trial court entered judgment granting DHSS's motion for judgment on the pleadings and dismissed with prejudice count 6 alleging that Missouri's vaccine statute, DHSS regulations and practices, and local health department practices all violate the Missouri Religious Freedom Restoration Act ("RFRA"). On October 8, 2021, it also entered judgment granting DHSS's motion for judgment on the pleadings and dismissed with prejudice count 1 alleging that DHSS regulation 19 C.S.R. section 20-28.010 improperly modifies and expands the scope of section 167.181.3 and is ultra vires, count 2 alleging that the DHSS regulations and practices violate the unbridled discretion doctrine, and count 5 alleging that the statutory scheme requiring vaccination of school children and the process for religious exemptions violate the Missouri Constitution. Finally, on October 8, 2021, the trial court granted Crossroads' motion for summary judgment and dismissed with prejudice count 19 for declaratory judgment asking the trial court to declare that section 167.181 and the associated regulations regarding Form 11 violate the Missouri Constitution. This appeal by the Bakers followed.

**Standard of Review**

Appellate review of the trial court's grant of a motion to dismiss is *de novo*. *Mo. Mun. League v. State*, 489 S.W.3d 765, 767 (Mo. banc 2016). "[T]he appellate court reviews the petition[] in an almost academic manner[] to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (internal quotes and citation omitted). Similar to a motion to dismiss, a motion for judgment on the pleadings tests whether the non-moving party's facts, which are presumed to be true, are nevertheless insufficient as a matter of law. *Id.* at 767-68. Judgment on the pleadings is proper if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Id.* at 768.

**Point One**

In their first point on appeal, the Bakers contend that the trial court erred in dismissing their petition against the Health Departments for lack of standing. They assert that they had standing because DHSS "improperly deputized" the Health Departments to enforce the requirement that the Bakers obtain the original Form 11 and changed the regulations to make the Form 11 only available to parents at local health departments. They argue that "[t]here can be a ripe controversy before the Health Department imposes its original form 11 gauntlet upon" them.

"Standing is a question of law, which is reviewed *de novo*." *Vowell v. Kander*, 451 S.W.3d 267, 271 (Mo. App. W.D. 2014) (internal quotes and citation omitted). It is determined as a matter of law on the basis of the petition along with other non-contested facts accepted as true by the parties at the time the motion to dismiss was argued. *Id.*

"Plaintiffs seeking declaratory relief must demonstrate a justiciable controversy for which they have no adequate remedy at law." *Barron v. Shelter Mut. Ins. Co.*, 220 S.W.3d 746, 748 (Mo. banc 2007). "A justiciable controversy exists where the plaintiff has a legally protectible

6

interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Id.* "In other words, justiciability requires that the plaintiff's claim is ripe and that the plaintiff has standing to bring the underlying claim." *Mercy Hosps. E. Communities v. Mo. Health Facilities Rev. Comm.*, 362 S.W.3d 415, 418 (Mo. banc 2012). "Standing requires that a party have a personal stake arising from a threatened or actual injury." *Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013) (internal quotes and citation omitted).

The Bakers' petition attempted to allege constitutional and RFRA claims against the Health Departments based on four discernible contentions: (1) the content of Form 11 is objectionable to them; (2) the requirement that they submit a Form 11 instead of their own written statement is objectionable; (3) they can only get a Form 11 by going to a local health department; and (4) if they go to a local health department to obtain a Form 11, they will be subjected to vaccine education or indoctrination that runs contrary to their religious beliefs. The Bakers, however, lacked standing to bring suit against the Health Departments because they failed to allege that the Health Departments enforced the Form 11 requirements or that any Health Department actions adversely impacted their own rights.

"A justiciable controversy involving the constitutionality of a statute exists between the plaintiff and the state official charged with the duty to enforce that law." *Midwest Freedom Coal., LLC v. Koster*, 398 S.W.3d 23, 26 (Mo. App. W.D. 2013). "Any person who is or may be aggrieved by any rule promulgated by a state agency has standing to challenge that rule in a declaratory judgment action." *Mercy Hosps.*, 362 S.W.3d at 418. "When a plaintiff brings a pre-enforcement challenge to the constitutionality of a particular statutory provision, the causation element of standing requires the named defendants to possess authority to enforce the

7

complained-of provision." *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) (internal quotes and citation omitted).

The Bakers did not allege that the Health Departments were responsible for promulgating the Form 11 regulation or drafting the Form 11. In fact, section 167.181.1 directs DHSS to "promulgate rules and regulations governing" the immunization of school children and to "supervise and secure the enforcement of the required immunization program." DHSS regulation requires that, to assert a religious exemption from the school children vaccination requirement, a parent's exemption statement "must be provided on an original Department of Health and Senior Services' form Imm.P.11A." 19 C.S.R. § 20-28.010(1)(C)(2). It further provides that a Form 11 "may be obtained by contacting a medical provider, local public health agency, or the department's Bureau of Immunization Assessment and Assurance at PO Box 570, Jefferson City, MO 65102-0570, or by calling 800-219-3224." *Id.* The Bakers' petition failed to allege facts that the Health Departments had any control over the enforcement of the Form 11 requirements. *Midwest Freedom Coal.*, 398 S.W.3d at 26; *Mercy Hosps.*, 362 S.W.3d at 418.

Furthermore, their petition did not contain any factual allegations beyond mere conclusions that the Health Departments had taken any action with respect to them. A party has standing to challenge the constitutionality of a statute or regulation only insofar as it has an adverse impact on the party's own rights. *R.J.J. by Johnson v. Shineman*, 658 S.W.2d 910, 914 (Mo. App. W.D. 1983). "As a general rule, if there is no constitutional defect in the application of a statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." *Id.* In *Johnson*, a high school student brought suit seeking to correct a failing grade that he received in music class, which he alleged was due to his failure to attend a Christmas music program, which was a course requirement. *Id.* at 911-

12. On the first day of the school term, students were informed by the music instructors that no one would be excused from a performance unless a request was made before the performance. *Id.* at 912. The plaintiff student, who went to Hawaii for Christmas with his family and missed the Christmas program, did not attempt to obtain an excused absence, although excuses were requested and granted for other students. *Id.* at 913. As such, this court held that he lacked standing to challenge the rule requiring participation in performances because his claim was "based merely on the theoretical possibility that [he] could have been denied an excuse and penalized for failure to attend the performances." *Id.* at 914. The court explained that the student suffered a failing grade not because of his violation of the rule requiring participation in performances but because he made no attempt to validate his absence by seeking an available exception to application of the rule. *Id.*

Similarly, the Bakers did not allege any facts showing they actually sought to obtain a Form 11 from the Health Departments. They did not allege that they traveled to the Health Departments to obtain a Form 11, much less that the Health Departments imposed any "vaccine-education" or other conditions on them even if they attempted to obtain the form.

In 308 numbered paragraphs spanning almost 100 pages, the Bakers did not allege any specific facts connecting any action of the Health Departments in their petition to any injury they allegedly suffered. Only 11 of the 20 counts referenced the Health Departments, but only in a conclusory fashion. For instance, the only alleged facts specifically describing City Health were in paragraph 54 of the "Allegations Common to All Counts" and referred to its general educational material regarding vaccinations and Form 11 protocols:

> The Kansas City Health Department publishes educational material regarding vaccinations: none of which contain the required 192.072 RSMo. information. The Kansas City Health Department will not provide form 11 to any parent on

9

any work days except Thursday morning.  The Health Department then requires the parent to be educated or questioned about vaccines before providing the form to a parent.

The petition, however, contained no factual allegations suggesting how such actions harmed the Bakers or that the Bakers interacted, or attempted to interact, with City Health concerning vaccinations forms or exemptions, or concerning any other matter.  Any remaining references to City Health were factual or legal conclusions.

The plaintiffs also made conclusory allegations against County Health in paragraph 9 of the "Allegations Common to All Counts":

The Bakers are subject to specific and targeted hostility of their religious practice and beliefs by DHSS and the local health departments located in Jackson County Missouri because they are subject to disparate treatment, as well as not being neutral or respectful of the Bakers' religious practices, and as more fully set forth in their allegations of fact.

Yet, the Bakers' petition was devoid of any well-pleaded factual allegation of any act by, or policy or practice of, County Health, or connecting any such act, policy, or practice to the Bakers or to any injury the Bakers allegedly suffered.  Instead, the petition contained specific allegations about exemption-form processes used by other health departments in Pettis County, St. Louis County, and Bates County.[7]  The petition did not allege any facts that County Health had a similar vaccination-exemption process or any interaction with the Bakers.

The Bakers' petition referenced the Health Departments with generic and conclusory allegations.  While an appellate court treats all factual allegations in a petition as true and liberally grants to plaintiffs all reasonable inferences therefrom, "conclusory allegations of fact

---

[7] While the Bakers alleged in the introduction to their petition that Crossroads "required an 'original' form which was only obtainable from a local health department who then requires a parent to make an appointment, then watch a pro-vaccine video, or be questioned by a nurse as a condition to obtaining the form," the Bakers specifically attributed such practices to Pettis, St. Louis, and Bates counties in paragraphs 65-71 of the petition.

and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted." *Hendricks v. Curators of Univ. of Mo.*, 308 S.W.3d 740, 747 (Mo. App. W.D. 2010) (internal quotes and citation omitted).

Additionally, the petition admitted that the Bakers were informed by Crossroads of alternative means to obtain a Form 11 without traveling to the Health Departments -- such as contacting the child's medical provider or the Department's Bureau of Immunization Assessment and Assurance. The Bakers however, did not allege that they attempted to avail themselves of those alternative means. The petition further admitted that Audrey Baker completed a Form 11 she found on the internet and acknowledged her willingness to sign a Form 11 if provided one by the school nurse. Other than mere conclusory allegations of harm, the Bakers' petition fails to allege facts setting forth any injury suffered by the Bakers caused by actions of the Health Departments. The trial court did not err in dismissing the Bakers' petition against the Health Departments based on lack of standing.

Point one is denied.

**Point Two**

In their second point on appeal, the Bakers contend that the trial court erred in granting DHSS's motion for judgment on the pleadings and dismissing count 2 of their petition. In count 2, the Bakers asserted that the regulation and practices relating to Form 11 violate the unbridled discretion doctrine by delegating overly broad discretion to a government official and allowing arbitrary application of the regulations. They argue on appeal that requiring them to register their religious objections on Form 11 is unreasonable, arbitrary, and capricious because "the 'original form' requirement and the resultant denial of the Baker children's education over form non-compliance elevated form over substance."

11

"Regulations may be promulgated only to the extent of and within the delegated authority of the enabling statute." *Brown v. Melahn*, 824 S.W.2d 930, 933 (Mo. App. E.D. 1992) (en banc). "Rules and regulations must be sustained unless unreasonable and plainly inconsistent with the act; they are not to be overruled except for weighty reasons." *Id.* (citing *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197 (Mo. banc 1972)).

"[A]n administrative agency rule is not unreasonable just because it may be burdensome to a particular person, or simply because of a subjective feeling that the regulation is arbitrary or unduly burdensome." *Psychiatric Healthcare Corp. of Mo. v. Dep't of Soc. Servs.*, 100 S.W.3d 891, 900 (Mo. App. W.D. 2003) (internal quotes and citation omitted, emphasis omitted). Rather, "the test is whether the regulation bears a rational relationship to a legitimate state interest." *Id.* (internal quotes and citation omitted). *See also Cox Health Sys. v. Div. of Workers' Comp. of Dep't of Labor and Indus. Rels.*, 190 S.W.3d 623, 629 (Mo. App. W.D. 2006). If so, it is not arbitrary, capricious, or unreasonable. *Id.*

In Missouri, it is unlawful for any student to attend school unless he or she is properly immunized and can provide satisfactory evidence of such immunization or unless he or she is properly exempted. § 167.181.2; 19 C.S.R. 20-28.010(1)(A). Nineteen C.S.R. 20-28.010(1)(C)(2) provides that to assert a religious exemption from the school children vaccination requirement, a parent's exemption statement must be provided on an original Form 11.

The Form 11 requirement for religious exemption from immunizations for school children bears a rational relationship to a legitimate state interest. "Form 11 communicates neutrally to anyone considering opting out on religious grounds that the government discourages it, but 'the ultimate decision is yours'—the parents'. The form states the government's neutral

and generally applicable position that immunization prevents childhood diseases, and thus should be required for school attendance." *B.W.C. v. Williams*, 990 F.3d 614, 621 (8th Cir. 2021) (in appeal from federal district court's dismissal of the Bakers' federal constitutional claims). Furthermore, to the extent that the Bakers argue that Form 11 "precludes them from speaking their objections to immunization in another manner[,]…[n]othing in Missouri's law or regulations precludes submitting *additional* statements of religious objection." *Id.* at 620. "Form 11 is…a required administrative floor for exemption that does not ban other communication between parents and their child's school." *Id.* The Form 11 regulation bears a rational relationship to a legitimate state interest.[8] The trial court did not err in granting DHSS's motion for judgment on the pleadings and dismissing count 2 of their petition.

Point two is denied.

---

[8] The Bakers also appear to argue that the Form 11 requirement for religious exemption from immunizations for school children violates the Missouri Constitution's equal protection clause by "foreclosing all school attendance forever to children of parents who refuse to use form 11 to speak to a school." Count 2, however, did not allege an equal protection claim, the Bakers made no such claim in response to DHSS's motion for judgment on the pleadings regarding this count (in fact, the Bakers did not file a response to the DHSS's motion), and the Bakers did not include an equal protection argument in their point relied on. The equal protection argument is, therefore, not preserved for appeal. *Estate of Williams v. Williams*, 618 S.W.3d 253, 257 n.5 (Mo. App. W.D. 2021) (an argument not included in the point relied on is not preserved for appeal); *G.B.*, 618 S.W.3d at 593 (a constitutional claim not raised at the first available opportunity when responding to a motion to dismiss was not preserved for appellate review). Regardless, the Bakers raised an equal protection claim under the U.S. Constitution regarding Form 11, and the Eighth Circuit rejected it. *B.W.C.*, 990 F.3d at 621-22. It held that "Form 11 does not target religious believers or violate their right to equal protection" because the plaintiffs were not treated "differently than any other parent requesting exemption from immunization: they were all required to submit a DHSS form to their school." *Id.* at 621. It continued, "Missouri allows parents to practice their religion while also sending their children to school[,]" and the plaintiffs were not "specifically target[ed]…for unequal treatment." *Id.* at 622. The Eighth Circuit also rejected the plaintiffs' claim that "expulsion violates equal protection and exceeds the scope of statutory authority." *Id.* at 621 n.4. This court is guided by the Eighth Circuit's decision in *B.W.C.* and rejects the Bakers' equal protection claim under the Missouri Constitution. *Glossip v. Mo. Dep't of Transp. & Highway Patrol Emps.' Ret. Sys.*, 411 S.W.3d 796, 805 (Mo. banc 2013) (Missouri courts are "guided by federal law" in addressing claims under the Missouri Constitution's equal protection clause because the "clause is coextensive with the Fourteenth Amendment," and the Missouri Supreme Court "has been reluctant to extend the scope of the Missouri Constitution's equal protection clause beyond that of its federal cognate.").

13

**Point Three**

In point three, the Bakers contend that the trial court erred in granting DHSS's motion for judgment on the pleadings and dismissing count 5 of their petition. In count 5, the Bakers alleged that the statutory scheme requiring vaccination of school children and the process for religious exemptions violate the Missouri Constitution. On appeal, they argue that the school children immunization requirement and the Form 11 requirement for religious objections violates the free exercise of their religion. Specifically, they assert that Zach and Audrey Baker "have a right to parent their children according to their religious beliefs, including obtaining information and providing voluntary informed consent to injecting their child with foreign substance," and the Missouri compulsory school attendance law (section 167.031), the class C misdemeanor penalty for violation of it (section 167.061), and the school children immunization requirement of section 167.181 and related regulations restricts this exercise with a criminal penalty.[9]

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides, in pertinent part, that "Congress shall make no law…prohibiting the free exercise [of religion]." U.S. CONST., amend. I. *See also Doe 122 v. Marianist Province of the United States*, 620 S.W.3d 73, 78 (Mo. banc 2021). "[T]he right of free exercise does not relieve an individual

---

[9] None of the parties contend that transfer to the Missouri Supreme Court of the Bakers' constitutional claim is required. "The Missouri Supreme Court's 'exclusive appellate jurisdiction is not invoked simply because a case involves a constitutional issue. Instead, [its jurisdiction] is invoked when a party asserts that a state statute directly violates the constitution either facially or as applied.'" *Doe v. Greitens*, 530 S.W.3d 571, 577 (Mo. App. W.D. 2017) (quoting *McNeal v. McNeal-Sydnor,* 472 S.W.3d 194, 195 (Mo. banc 2015)). When a party's claim is not real and substantial but merely colorable, review by this court is proper. *Thompson v. ICI Am. Holding*, 347 S.W.3d 624, 634 (Mo. App. W.D. 2011). "In determining whether a constitutional claim is real and substantial or merely colorable, this Court makes a preliminary inquiry as to whether it presents a contested matter of right that involves fair doubt and reasonable room for disagreement." *Id.* (internal quotes and citation omitted). "That an issue presented is of first impression does not necessarily make it real and substantial, particularly where it 'is so legally or factually insubstantial as to be plainly without merit.'" *Doe*, 530 S.W.3d at 577 (quoting *Thompson*, 347 S.W.3d at 634). As explained below, although not previously addressed by Missouri courts, the Bakers' constitutional claim is factually and legally insubstantial and, thus, is merely colorable. This court has jurisdiction to decide it. *Thompson*, 347 S.W.3d at 634.

14

of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." *Doe 122*, 620 S.W.3d at 79 (internal quotes and citation omitted).

In the exercise of its police powers, the state legislature may enact laws to protect the health and safety of its citizens. *State v. Tower*, 84 S.W. 10, 15 (Mo. 1904). *See also V.D. v. State*, 403 F.Supp.3d 76, 86 (E.D. N.Y. 2019) ("States have historically enjoyed considerable discretion to regulate in areas affecting the health and safety of their citizens."). Long ago, the United States Supreme Court upheld the constitutionality of state compulsory vaccination laws. *Jacobson v. Massachusetts*, 197 U.S. 11, 26-27 (1905). "[A] community has the right to protect itself against an epidemic of disease which threatens the safety of its members." *Id.* at 27. This includes compulsory vaccination laws for children attending school. *Zucht v. King*, 260 U.S. 174, 176-77 (1922). "[C]onditioning school enrollment on vaccination has long been accepted by the courts as a permissible way for States to inoculate large numbers of young people and prevent the spread of contagious diseases." *V.D.*, 403 F.Supp.3d at 87 (internal quotes and citation omitted).

A parent "cannot claim freedom from compulsory vaccination for the child more than for himself on religious grounds. The right to practice religion freely does not include the liberty to expose the community or the child to communicable disease or the latter to ill health or death." *Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944). Thus, a state is not constitutionally required to provide an exemption to mandatory vaccination laws for parents who object to the law's requirements on religious grounds. *See, e.g., Phillips v. City of New York*, 775 F.3d 538, 543 (2nd Cir. 2015) (upheld constitutionality of New York's compulsory vaccination law for school children and noted that the law went beyond what the Constitution required by allowing a

15

religious exemption); *Whitlow v. California*, 203 F.Supp.3d 1079, 1084-85 (S.D. Ca. 2016) (state is not required to provide religious exemption to mandatory vaccination laws for school children).

While not constitutionally required, Missouri has statutorily provided the right to a religious exemption from the school children immunization requirement if a parent or guardian objects in writing to the school administrator on an original Form 11. § 167.181.3; 19 C.S.R. 20-28.010(1)(C)(2). In *B.W.C.*, the plaintiffs argued that Form 11 abridges the free exercise of their religion, but the Eighth Circuit rejected the argument holding that "Form 11 does not require the plaintiffs to engage in conduct against their religious beliefs." 990 F.3d at 620. It explained that while "Plaintiffs object to the process of *producing* vaccines or *introducing* vaccines into their children's bodies[,]" their "submission of Form 11 does not increase the number of vaccines produced or force their children to get immunized." *Id.* Unlike in *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S.Ct. 2367 (2020), where the plaintiffs objected "to triggering the apparatus of securing conception, Form 11 does not make the plaintiffs morally complicit in the production or use of vaccinations." *B.W.C.*, 990 F.3d at 620.

The Eighth Circuit further stated that, like informed consent laws, "Form 11 tries to inform parents before they consent to opt out." *Id.* at 620-621 (citing § 192.072.1-.2 ("[T]he [DHSS] shall develop educational materials which strongly recommend…vaccines…and shall include information regarding possible risks and benefits and requirements regarding informed consent associated with childhood vaccines, which shall be provided to parents and legal guardians of the child.")). It explained, "Form 11 communicates neutrally to anyone considering opting out on religious grounds that the government discourages it, but 'the ultimate decision is yours'—the parents'. The form states the government's neutral and generally applicable position

16

that immunization prevents childhood diseases, and thus should be required for school attendance." *Id.* at 621.

Finally, the Eighth Circuit held that "[e]ven if the plaintiffs were correct that they would have to listen to pro-immunization messages from DHSS," the State may use its regulatory authority to "require county health officials to provide truthful information relevant to a parent's decision to decline immunizations." *Id.* *See also Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017) (a parent seeking a religious exemption to school children vaccination requirement did not have her free exercise right violated because she was exposed to pro-vaccine information to obtain the exemption paperwork). This court is guided by the decision in *B.W.C.* and rejects the Bakers' free exercise claim. *Glossip*, 411 S.W.3d at 805. Neither the Missouri school children immunization requirement of section 167.181, nor the related DHSS regulations and practices, violate the Missouri Constitution. The Bakers failed to state a free exercise claim. The trial court did not err in granting DHSS's motion for judgment on the pleadings and dismissing count 5 of their petition.

Point three is denied.

### Point Four

In point four, the Bakers contend that the trial court erred in granting DHSS's motion for judgment on the pleadings and dismissing count 6 of their petition. Count 6 alleged that Missouri's vaccine statute, DHSS regulations and practices, and local health department practices all violate the Missouri RFRA. On appeal, they assert that the school children immunization statute violates RFRA because it restricts the exercise of their religion by requiring them to consent to vaccine injections (which would be contrary to their religious beliefs) or by

17

requiring them to do or say things (also contrary to their religious beliefs) in order to qualify for the religious exemption.

RFRA provides, in pertinent part:

1. A governmental authority may not restrict a person's free exercise of religion, unless:

(1) The restriction is in the form of a rule of general applicability, and does not discriminate against religion, or among religions; and

(2) The governmental authority demonstrates that application of the restriction to the person is essential to further a compelling governmental interest, and is not unduly restrictive considering the relevant circumstances.

§ 1.302.1.

The Bakers acknowledge in their brief that Missouri provides for a religious exemption to vaccination in section 167.181.3 if a parent provides a written religious objection to the school administrator, but they argue that the DHSS regulation "drastically hijacks and modifies the statutory religious accommodation process by requiring this religious statement…be made on an original DHSS form 11 with its other ghostwritten statements and messaging." They argue that Form 11 restricts their religious beliefs and their religious speech by making them convey a government message that they oppose. Form 11, however, does not impose such restriction on their religious beliefs and speech. First, "Form 11 does not require plaintiffs to *affiliate* with DHSS's immunization statement." *B.W.C.*, 990 F.3d at 619. Instead, it "states the government's position, separated from the religious opt-out." *Id.* The form states the government's position that immunization prevents childhood diseases and discourages opting out but makes clear that "the ultimate decision is yours"—the parents'. *Id.* at 621. "There is 'little risk' that recipients of the form would believe that parents opting out were affiliating with the government's request *not* to opt out." *Id.* at 619. Additionally, nothing in Missouri's law or regulations precludes parents

18

from submitting additional statements of their religious objection to their child's school. *Id.* at 620. The Bakers failed to plead a restriction on their free exercise of religion. *See Doe v. Parson*, 567 S.W.3d 625, 630 (Mo. banc 2019) (where pre-abortion informed consent law did not require a woman to have an ultrasound, listen to the fetal heartbeat, or read booklet offered by Planned Parenthood but only required provider to offer her an opportunity for such, plaintiff failed to plead a restriction on her free exercise of religion).

Even if Form 11 constitutes a restriction on a person's free exercise of religion, which we do not find, it meets the exception in subsection 1(1) and (2). Both the Missouri statute mandating immunizations for school children and DHSS's regulations promulgated pursuant to the statute are rules of general applicability. Section 167.181.2 provides that "[i]t is unlawful for *any* student to attend school unless he has been immunized." (emphasis added). DHSS regulation confirms, "It is unlawful for any student to attend school unless the student has been immunized according to this rule[.]" 19 C.S.R. 20-28.010(1)(C). Additionally, 19 C.S.R. 20-28.010(1)(B) provides, "This rule is designed to govern any student, regardless of age, who is attending a public, private, parochial, or parish school." The statutory and regulatory scheme applies to all school children in Missouri.

Next, Form 11 does not discriminate against religion. The Bakers argue that only parents seeking a religious exemption and not parents seeking medical or in progress exemptions are "required to undergo forced state education" regarding immunizations. The government's decision to advocate for vaccination does not, however, render the regulation discriminatory. In denying the Bakers' motions for preliminary and permanent injunction in the case removed to federal court, the federal district court recognized the accepted principle allowing governmental advocacy of practices to effectuate the public policy of the State. *W.B. by and through Baker v.*

19

*Crossroads Acad.-Cent. St.*, No. 4:19-cv-00682-HFS, 2019 WL 6257963 at \*2 (W.D. Mo. Nov. 22, 2019) (citing *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 207-208 (2015) (stating in dicta that a state government has the right to speak in support of its programs, including vaccinations); *Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017) (where advocacy of vaccination by Michigan state officials was specifically approved)). The district court further reasoned that Form 11 contained only modest advocacy language separate from the wording used by a parent claiming an exemption, and that such advocacy was considerably less intrusive than the advocacy regarding abortion sustained in *Doe v. Parson*, 567 S.W.3d at 630. *Id.* at \*1, \*3. Thus, the recipient can easily escape full exposure to objectionable material in the form if that is his or her choice. *Id.* at \*3. The DHSS's presentation of pro-vaccine information in Form 11 does not discriminate against religion.

Finally, Missouri's school children immunization statute and the DHSS's regulations and practices are in service of a compelling government interest in the health and safety of Missouri's students and the people with whom they interact and are not unduly restrictive. As discussed above in point three, "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members." *Jacobson*, 197 U.S. at 27. State compulsory vaccination laws, including for children, are constitutional. *Id.* at 26-27; *Zucht*, 260 U.S. at 176-77. Furthermore, a state is not required to provide a religious exemption to mandatory vaccination laws for school children. *Prince*, 321 U.S. at 166-67; *Whitlow*, 203 F.Supp.3d at 1084-85. Section 167.181.3 and 19 C.S.R. § 20-28.010(1)(C)(2) do, however, provide for such an exemption. The statute and regulation provide an avenue for parents who object on religious grounds to opt out of vaccinating their school children. Form 11 is available through several different outlets and states the government's religiously neutral and generally

20

applicable position that immunization prevents childhood diseases while easily allowing the parent to escape full exposure to objectionable material if he or she wishes. The requirement to obtain an official Form 11 is not unduly restrictive.

The Bakers failed to allege a violation of RFRA. The trial court did not err in granting DHSS's motion for judgment on the pleadings and dismissing count 6 of their petition.

Point four is denied.

## Point Five

In their fifth point on appeal, the Bakers contend that the trial court erred in granting DHSS's motion for judgment on the pleadings and dismissing count 1 of their petition. Count 1 overlapped with count 2 (discussed above in respect to point 2) with both alleging that the DHSS's regulation, 19 C.S.R. § 20-28.010(1)(C)(2), and practices relating to Form 11 exceeded the scope of the enabling statute, section 167.181.3. In Count 1, the Bakers asserted that the regulation improperly modifies and expands the scope of section 167.181.3 and is ultra vires. On appeal, they argue that 19 C.S.R. § 20-28.010 exceeds DHSS's statutory authority under section 167.181 by impermissibly regulating their religious speech and authorizing the disenrollment of students for not submitting the form.

As noted in point two above, "[r]egulations may be promulgated only to the extent of and within the delegated authority of the enabling statute." *Brown*, 824 S.W.2d at 933. They "are void if they are beyond the scope of the legislative authority conferred upon the state agency or if they attempt to expand or modify the statutes." *Id.* "Rules and regulations must be sustained unless unreasonable and plainly inconsistent with the act; they are not to be overruled except for weighty reasons." *Id.* (citing *Foremost-McKesson*, 488 S.W.2d at 197).

21

Section 167.181 is the enabling statute for the DHSS regulations regarding the school children immunization program. Section 167.181.1 expressly charges DHSS with the "supervis[ion] and…enforcement of the required immunization program" for "children attending public, private, parochial or parish schools." Section 167.181.2 expressly makes it "unlawful for any student to *attend* school *unless* he has been immunized as required under the rules and regulations of the department of health and senior services," and "unlawful for any parent or guardian to refuse or neglect to have his child immunized as required by this section, *unless* the child is properly exempted." (emphasis added). "This section shall not apply to any child if one parent or guardian objects in writing to his school administrator against the immunization of the child, because of religious beliefs[.]" § 167.181.3.

The Bakers first argue that the statute requires DHSS regulations to "conform to recognized standards of medical practice," and that such standards have "no application to a rule regarding how a parent privately speaks a religious objection to a school." Section 167.181.1, however, provides, in pertinent part, "The immunizations required and the manner and frequency of their administration shall conform to recognized standards of medical practice." Thus, the statute requires that the immunizations themselves and how and when they are administered must conform to recognized standards of medical practice, not the regulations regarding other aspects of the school children vaccination program. Section 167.181.3 provides that a child is exempt from the immunization requirement based on religious beliefs if their parent or guardian objects in writing to the school administrator. The Form 11 regulation, 19 C.S.R. 20-

28.010(1)(C)(2), sets out the requirements for the written objection. It does not improperly modify section 167.181 and is not ultra vires.[10]

The Bakers also argue that the only consequence of a section 167.181 vaccination violation is specifically contained in section 167.181.4, which provides, in pertinent part, "The name of any parent or guardian who neglects or refuses to permit a nonexempted child to be immunized against diseases…shall be reported by the school superintendent to the department of health and senior services." Such argument, however, ignores the rest of section 167.181. A plain reading of the entire statute demonstrates students are prohibited from attending school unless immunized or properly exempted. § 167.181.3. Nineteen C.S.R. 20-28.010(1)(A) provides, in pertinent part, "Students cannot attend school unless they are properly immunized and can provide satisfactory evidence of immunization or unless they are exempted." This regulation does not improperly modify section 167.181 and is not ultra vires.

DHSS has not plainly exceeded its statutory authority by requiring the use of Form 11. The trial court did not err in granting DHSS's motion for judgment on the pleadings and dismissing count 1 of their petition.

Point five is denied.

## Point Six

Finally, in point six, the Bakers contend that the trial court erred in granting DHSS's motion for judgment on the pleadings and dismissing count 19 of their petition. In count 19 for

---

[10] To the extent that the Bakers assert that the Form 11 regulation impermissibly regulates their religious speech, the Eighth Circuit rejected such argument in *B.W.C.*, 990 F.3d at 618-20 ("Since Form 11 does not compel speech, restrict speech, or incidentally burden speech, Form 11 does not violate plaintiffs' free speech rights."). As with their equal protection claim in point 2, this court is guided by the decision in *B.W.C.* and rejects any free speech claim. *Glossip*, 411 S.W.3d at 805.

declaratory judgment, the Bakers asked the trial court to declare that section 167.181 and the associated regulations regarding Form 11 violate the Missouri Constitution. On appeal, they argue that DHSS regulations regarding the school children immunization requirement do not apply to Crossroads because Crossroads is a charter school and charter schools are exempted from the application of section 167.181.

The Bakers, however, fail to preserve this point for review. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018) (internal quotes and citation omitted). An appellant's brief must contain "[t]he points relied on." Rule 84.04(a)(4). Each point relied on must "[i]dentify the trial court ruling or action that the appellant challenges." Rule 84.04(d)(1)(A). Finally, "[t]he argument shall be limited to those errors included in the 'Points Relied On.'" Rule 84.04(e). Missouri courts have refused to consider arguments made that were not identified in the points relied on. *See, e.g., Piatt v. Ind. Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 794 n.4 (Mo. banc 2015); *Reichard v. Reichard*, 637 S.W.3d 559, 569 n.4 (Mo. App. W.D. 2021); *Penzel Constr. Co., Inc. v. Jackson R-2 Sch. Dist.*, 635 S.W.3d 109, 140 (Mo. App. E.D. 2021).

While the Bakers' sixth point relied on identifies the trial court's grant of DHSS's motion for judgment on the pleadings and dismissal of count 19 against DHSS as the ruling it challenges, their argument challenges the trial court's grant of Crossroads' motion for summary judgment and dismissal of count 19 against Crossroads. The Bakers raised the issue of charter school exemption from the school children immunization requirement in their response to Crossroads' motion for summary judgment on count 19. They did not raise the issue in response

24

to DHSS's motion for judgement on the pleadings on count 19 (in fact, they did not file a response at all to the motion). The Bakers fail to preserve in point six any argument that the trial court erred in granting Crossroads' motion for summary judgment.

Regardless, to the extent that point six is indirectly addressed at DHSS, it is without merit. The Bakers argue that section 160.405.4(3) exempts charter schools from the applicability of section 167.181 and the Form 11 regulation. Section 160.405.4(3) provides, "A charter school shall,…*[e]xcept* as provided in sections 160.400 to 160.425 and *as specifically provided in other sections*, be exempt from all laws and rules relating to schools, governing boards and school districts[.]" (emphasis added). Section 160.405.4(2) specifically provides an exception to the exemption. It requires a charter school to "[c]omply with laws and regulations of the state, county, or city relating to health, safety, and statute minimum educational standards." § 160.405.4(2). Section 167.181 and 19 C.S.R. 20-28.010 regarding the immunization requirement for school children are "laws and regulations relating to health." § 160.405.4(2). Thus, section 160.405 does not excuse Crossroads from the Form 11 requirement, but expressly requires it and other charter schools to comply with the DHSS health regulation. The trial court did not err in dismissing count 19 of the Bakers' petition.

Point six is denied.

**Conclusion**

The judgment is affirmed.[11]

_____
Thomas N. Chapman, Judge


All concur.

---

[11] The Bakers filed a motion for attorney's fees on appeal, which was taken with the case. Western District Special Rule 29 provides, "Any party claiming an amount due for attorney's fees on appeal pursuant to contract, *statute* or otherwise and which this Court has jurisdiction to consider, must file a separate written motion before submission of the cause." (emphasis added). The Bakers claim that section 536.050, which governs declaratory judgments respecting the validity of rules, authorizes an award of fees incurred on appeal because they filed an action for declaratory judgment that certain rules issued by DHSS were invalid for various reasons. Section 536.050.3 provides, "A nonstate party who prevails in an action brought pursuant to subsection 1 of this section shall be awarded reasonable fees and expenses, as defined in section 536.085, incurred by that party in the action." "Prevails" is defined in section 536.085(3) as "obtains a favorable order, decision, judgment, or dismissal in a civil action or agency proceedings." In *McNeil-Terry v. Roling*, 142 S.W.3d 828, 836 n.1 (Mo. App. E.D. 2004), the Eastern District implicitly held that section 536.050.3 authorizes attorney's fees on appeal. The Bakers, however, do not prevail in this appeal, and thus are not entitled to attorney's fees on appeal pursuant to section 536.050.3. The motion is denied.